Marlene BAKKE, Appellant,

v.

Arlan BAKKE, Respondent.

No. C4–84–110.

Court of Appeals of Minnesota.

July 10, 1984.

Mary L. Everett, Michael P. Perry Law Office, Little Falls, for appellant.

Douglas P. Anderson, Rosenmeier & Anderson, Little Falls, for respondent.

Considered and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The custodial mother appeals the child support provisions of a dissolution decree. The trial court judge departed downward from the statutory child support guidelines because of the father's living expenses and because the parents separated one year after the father adopted the child. We reverse.

## FACTS

Arlan and Marlene Bakke were married in 1979. Arlan adopted Marlene's natural son Harley in December 1981. A dissolution decree dated November 14, 1983 granted custody to Marlene and ordered Arlan to pay $100 per month child support.

The trial court found that Arlan nets approximately $1,100 per month. His combined personal and business expenses, including $100 per month child support and a

contract payment on non-homestead real estate, are $1755 per month.

## ISSUE

The issue on appeal is whether the following reasons listed by the court justify its downward deviation from the child support guidelines:

1. monthly living expenses of petitioner,
2. date of adoption of child by petitioner,
3. date of separation of parties one year after adoption.

## ANALYSIS

Minn.Stat. § 518.17, Subd. 5 (Supp.1983), extends the child support guidelines contained in Minn.Stat. § 518.551, Subd. 5 (Supp.1983), to non-public assistance cases. *Halper v. Halper*, 348 N.W.2d 360 (Minn. Ct.App.1984). The statute provides:

> The court shall not order the noncustodial parent to pay support in an amount below the appropriate amount determined from the guidelines in section 518.-551, subdivision 5 for use in public assistance cases unless the court makes express findings of fact as to the reason for the lower order.

Minn.Stat. § 518.17, Subd. 5.

Under the child support guidelines, Arlan would pay $275 per month child support. None of the factors listed by the trial court is a permissible reason for a downward departure from the guidelines.

 The fact that Arlan's expenses exceed his income is not a permissible reason for deviation where those expenses include debts owed to private creditors, payments on non-homestead real estate, and monthly allotments for boat and snowmobile licenses and entertainment. Minn.Stat. § 518.-551, Subd. 5(b) (Supp.1983), expressly forbids consideration of debts owed to private creditors in establishing child support. Furthermore, child support payments take precedence over personal investments or luxury purchases.

Similarly, the fact that Arlan adopted Harley shortly before the dissolution is irrelevant. "The father's responsibility to support an adoptive child is the same as his responsibility to support a child of his own blood." *Gannon v. Gannon*, 258 Minn. 57, 61, 102 N.W.2d 677, 680 (1960); Minn.Stat. § 259.29 (1982).

## DECISION

We reverse and remand the case to the trial court with instructions to modify the decree to require Arlan Bakke to pay $275 per month child support.