**In re the Marriage of Karl A. BERLIN, petitioner, Respondent,**

v.

**Sally M. BERLIN, Appellant.**

**No. C8–84–1194.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

John F. Fletcher, St. Cloud, for respondent.

Richard P. Pearson, Walker, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Sally Berlin brought a motion to establish child support for the parties' minor child living with her. The court amended the judgment and decree of dissolution and ordered the respondent to pay $200.00 per month (less than the guidelines amount). Sally appealed. We reverse and remand for application of the guidelines.

## FACTS

The parties were divorced in 1982 after 23 years of marriage. Custody of their children was granted to respondent. No child support was ordered and appellant waived any maintenance. In 1983, the parties agreed that custody of the only two remaining minor children would be divided, with appellant having custody of Susan, then 14, and respondent having custody of Sandra, then 17. In this connection they executed a "Temporary Child Custody Contract" drawn up by respondent which called for respondent to pay $200.00 per month child support. The agreement further provided that at the end of three months the parties would re-evaluate the custody of

Susan and a permanent placement would be mutually agreed upon.

The parties decided Susan should live with appellant, entered into a stipulation, and had the decree amended. Appellant did not ask for child support at that time. Four months later, however, appellant was no longer employed, and brought this motion.

Respondent's net monthly income at the time of the hearing was at least $2,154.17. (He earned additional income as mayor of Foley, but this was not substantial.) At the time of the hearing in April, 1984, Sandra, the child who lived with respondent, was no longer living at home, and was three weeks from high school graduation and a month from her 18th birthday. Nonetheless, the trial court found that where the parties agreed to split custody the child support guidelines were not strictly applicable, and refused to order any child support beyond that the parties had agreed on in the temporary agreement. The court ordered the child support provision of the temporary agreement incorporated into the amended judgment as though the provision had been included when the November 1983 stipulation (changing custody of Susan) was executed, and then found that neither appellant's termination of her employment nor the partial emancipation of the older child would constitute sufficient change of circumstances to justify further amendment.

## ISSUE

Did the court err in refusing to apply the child support guidelines?

## ANALYSIS

█ *Temporary agreement:* The court ordered the child support provisions of the temporary agreement incorporated in the amended judgment apparently because the court believed they were inadvertently left out of the stipulation which gave custody of Susan to appellant. The court made such an order even though the agreement itself clearly stated it was temporary, there was no evidence that the parties had con-templated making it permanent, and appellant had not been represented by counsel when she signed it. The court's action, in effect, impermissibly made an agreement for the parties.

█ *Guidelines:* Minn.Stat. § 518.17 subd. 5 (Supp.1983), as well as numerous cases decided by this court, provides that a support order may not be below the guidelines amount unless the court makes express findings of fact in support of the departure. Minn.Stat. § 518.17, subd. 4(e) (1982) provides that the court should consider "[t]he financial resources and needs of the noncustodial parent" in ordering child support. This factor includes consideration of the fact that respondent had custody of one minor child; therefore, the court erred in citing the split custody as a basis for departure from the support guidelines. The court might properly have applied the guidelines support figure for two children (30%, or $643.24) and then recognized, under § 518.17, subd. 4(e) that respondent had custody of one child as a reason to depart downward. If the court had adopted this approach, it would have been required to recognize the modification which would have been necessary upon the emancipation of the child in respondent's custody. The one remaining minor child would then be entitled to guidelines support of 25% of respondent's net monthly income.

█ Factors to be considered in determining whether to deviate from the guidelines include those factors which relate to the needs of the children and the financial conditions of the parents. Here, the trial court's sole "finding" (not actually a finding, but a statement in the memorandum) justifying a downward departure was the split custody. Such a "finding" was not a sufficient basis for departing from the child support guidelines.

## DECISION

The trial court erred in departing from the child support guidelines without mak-

ing adequate findings to support the departure.

Reversed and remanded for application of the child support guidelines.