**In re the Marriage of Darlene Marie TREBELHORN, f.k.a. Darlene Marie Uecker, petitioner, Appellant,**

v.

**Ronald Paul UECKER, Respondent.**

No. C4–84–1368.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Martin L. Swaden, Minneapolis, for appellant.

Brian M. Olsen, Cokato, for respondent.

Heard, considered and decided by FOLEY, P.J., and LANSING, and NIERENGARTEN, JJ.

## OPINION

FOLEY, Presiding Judge.

Darlene Trebelhorn (f.k.a. Darlene Uecker) appeals a dissolution decree awarding custody of two year old son Justin to her former husband Ronald Uecker. Both parties dispute certain property issues.

We affirm in part, reverse and remand in part.

## FACTS

The parties' marriage was dissolved in February 1984. The couple has one child, Justin, born in April 1982. The child was in the mother's (appellant's) physical custody when they separated in September 1983. The father (respondent) lost his job in October 1983. He then provided day care while appellant worked from October until the end of January 1984. Appellant's net average weekly salary is $230.

Respondent was unemployed at the time of trial, having been laid off from his previous position as a bookkeeper. At the time of trial, he received $179 in unemployment compensation per week.

The court ordered respondent to pay temporary child support of $200 per month, which he paid, except for those months when he provided day care for Justin. The trial court awarded joint legal custody of Justin to both parents and physical custody to respondent. The court ordered appellant to pay $125 per month child support. The trial court awarded the income tax exemption for Justin to respondent. Appellant did not divulge information about certain corporate stock she owned. The trial court found that the stock was part of her retirement program and was not significant.

## ISSUES

1. Did the trial court sufficiently consider all custody guidelines in Minn.Stat.

§ 518.17 (1982) in awarding custody of Justin to respondent?

2. Did the trial court err in the distribution of the parties' property?

3. Did the trial court err in departing downward from the child support guidelines in Minn.Stat. § 518.17, subd. 5 (1982)?

## DISCUSSION

 1. A trial court has broad discretion in awarding child custody, and its decision will not be set aside unless it was arbitrary or a clear abuse of discretion. *Kotila v. Kotila*, 351 N.W.2d 661, 662 (Minn.Ct.App.1984); *Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). The overriding standard is the best interests of the child. *Weatherly v. Weatherly*, 330 N.W.2d 890, 891 (Minn. 1983).

Appellant disputes the physical custody award of Justin to respondent and contends that the trial court did not consider all pertinent statutory factors under Minn. Stat. § 518.17 (1982). She also argues that a trial court which awards joint legal custody must specifically address in its findings the statutory factors set out in Minn.Stat. § 518.17, subd. 2 (1982).

Minn.Stat. § 518.17, subd. 1, outlines guidelines for awarding child custody. The primary focus is on the best interest of the child. Some of the factors to be considered include the parents wishes; the child's preference; the interaction of the child with the parents; the child's adjustment to his home, school, community; the length of time the child has lived in a stable environment; the permanence of the proposed home; the capacity of the parties to give the child love; and the child's cultural background. Subdivision 2 outlines further factors the trial court should consider when joint legal custody is sought.

 The trial court's findings adequately support an award of custody to Justin's father. The court indicated that the relationship between respondent and Justin is one of genuine affection and love. Respondent provided live-in day care at the family home while appellant worked from October 1983 until shortly before trial. The court noted respondent is well versed in child nurturing, and that he is better able than appellant to provide guidance and values for the child. The court found respondent to be more stable than appellant and more able to provide for the child's development. The court found that the child's relationship with his parents, maternal and paternal grandparents and other relatives would be more stable if he remained in the primary physical possession of respondent. These findings are adequately supported in the record.

 The trial court need not make a specific finding on each of the statutory factors, nor must each factor be specifically addressed by the trial court. It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration in reaching its decision. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 83, 249 N.W.2d 168, 171-72 (Minn.1976). The Minnesota Supreme Court also held that minor children may be entrusted to one parent's custody even if no specific finding of the other's unfitness was made. *Davis v. Davis*, 306 Minn. 536, 235 N.W.2d 836 (1975); *Lindberg v. Lindberg*, 282 Minn. 536, 163 N.W.2d 870 (1969). There is ample evidence to support the trial court's award of custody and the findings are stated with sufficient particularity.

2. There are several disputes regarding the trial court's disposition of property. Appellant contends that the trial court erred in awarding the income tax exemption for Justin to respondent. Respondent contends the trial court erred in not modifying the temporary support award to erase $600 worth of child support he owes appellant for the time in which he was living at the family home and providing day care for Justin. Finally, respondent argues the trial court erred by failing to divide the shares of corporate stock which appellant did not divulge.

 A trial court has broad discretion in the division of property. *Kriedler v.*

*Kreidler,* 348 N.W.2d 780 (Minn.Ct.App. 1984); *Taylor v. Taylor,* 329 N.W.2d 795 (Minn.1983). The decision will be affirmed if it has a "reasonable and acceptable basis in fact and principle." *Kreidler,* 348 N.W.2d at 782–83 (quoting *DuBois v. Du-Bois,* 335 N.W.2d 503, 507 (Minn.1983)).

In their February 1984 stipulation regarding property, the parties agreed that whoever got custody of Justin for over 50% of the year should receive the tax exemption, so the court did not err in awarding respondent the tax exemption.

Respondent argues that the trial court should have modified the temporary support award to erase $600 worth of child support for the two months of December 1983 and January 1984 when he lived at the family homestead and provided day care for Justin. The court was well within its discretion to require respondent to comply with the temporary support order.

Respondent also contends that the trial court erred by refusing to award him one half the value of certain shares of corporate stock which appellant did not divulge during trial. Respondent alleges that there are 15.58 shares of 3M stock worth approximately $1,200.

The Minnesota Supreme Court held that parties to a marital dissolution proceeding have a duty to make a full and accurate disclosure of all assets and liabilities to facilitate the trial court's property distribution. *Ronnkvist v. Ronnkvist,* 331 N.W.2d 764, 765–66 (Minn.1983). The court also stated that although trial courts are accorded broad discretion both in valuation and distribution of an asset, exercise of that discretion is not unlimited and should be supported by either clear documentary or testimonial evidence or by comprehensive findings. *Id.* at 766.

Here, the trial court found the stock was part of appellant's retirement program and of limited value, and he denied respondent's request. We remand to the trial court for findings regarding the stock and for proper division of the assets.

3. Respondent also argues that the trial court improperly departed downward from the child support guidelines. The court ruled that appellant pay child support of $125.00 per month, one-half of the $250 statutory guideline amount.

In its conclusions of law, the court departed from the child support guidelines because he anticipated that respondent would soon get a good job, and assumed that appellant would probably be limited to cost of living increases only. The court did not consider the needs of the child in its calculations.

Trial courts have broad discretion regarding child support matters. *Lukanen v. Lukanen,* 357 N.W.2d 380, 382 (Minn.Ct.App.1984); *Halper v. Halper,* 348 N.W.2d 360, 363 (Minn.Ct.App.1984). If the determination has a reasonable and acceptable basis in fact, it must be affirmed. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn. Ct.App.1984); *Dubois,* 335 N.W.2d at 507 (Minn.1983).

However, the court may deviate downward from the support guidelines only if it makes "express findings of fact as to the reason for the lower order." *See* Minn.Stat. § 518.17, subd. 5 (Supp.1983). The fact that the custodial parent's income is substantial is insufficient by itself to justify a downward departure from the child support guidelines. While it is permissible to consider the husband's income, the other support guidelines should be considered as well. *Bjorke v. Bjorke,* 354 N.W.2d 107, 110 (Minn.Ct.App.1984). *See Bakke v. Bakke,* 351 N.W.2d 387 (Minn.Ct. App.1984).

Here, the court did not make sufficient findings as to the reason for the departure from the support guidelines. Rather, the findings indicate that respondent was unemployed. The court concluded, without considering the child's needs, that respondent would be able to get a good job soon. These are insufficient findings to justify downward departure from the guideline amount. Therefore, we also

remand for consideration of the child support issue.

## DECISION

We affirm the trial court's decision regarding custody and regarding all property issues except the corporate stock issue. We remand for further consideration the issues of appellant's corporate stock and the downward departure from the child support guidelines.