In re the Marriage of Rosemary Schwoebel **LINDERMAN**, Petitioner, Respondent,

v.

Lowell James **LINDERMAN**, Appellant.

Nos. C0–84–1528, C5–84–1797 and C6–84–1985.

Court of Appeals of Minnesota.

March 26, 1985.

Ruth Ann McCaleb, Dingle, Suk, Wendland and Walters, Ltd., Rochester, for petitioner, respondent.

Scott Richardson, Richardson & Richardson, Austin, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is a consolidated appeal arising from two separate judgments in a dissolution proceeding. Lowell Linderman appeals the trial court's custody decree. Rosemary Linderman appeals the trial court's decisions on child support and division of property, and Lowell Linderman raises several issues relating to the property division in a notice of review. The third appeal was filed to preserve Lowell Linderman's right to appeal the custody issue because the first appeal may have been premature. We affirm.

## FACTS

Lowell and Rosemary Linderman were married August 26, 1967. They have three

children: David, age 14; Ryan, age 11; and Jimmy, age 4.

In October 1983, Rosemary served Lowell with a dissolution petition. The custody and property issues were separately determined. In June 1984, the trial court dissolved the marriage and issued a judgment placing custody of David and Ryan with their father and custody of Jimmy with his mother. The court found both parents "capable and suitable parents."

Disharmony in the marriage of the parties relates greatly to religious differences. The family had been active with a church group, and in recent years Rosemary Linderman left that church. She was shunned after this action. This disharmony carries into the present custody dispute.

The trial court based its custody decision on a study prepared by the Mower County Department of Court Services. The report said both parents would "do the utmost" to care for their children; that the older boys relate well with their father and feel their ongoing church contact is important; and that custody of the youngest child should be placed with his mother because of his "age and dependencies." The trial court explained its custody decision in detail, specifically addressing the standards stated in Minn.Stat. § 518.17 (1984).

In August 1984, the trial court entered judgment concerning child support and division of the parties' property. The court did not award child support to either party finding that "each party" had "substantial income to meet their own expenses and the expenses of the children or child in their own custody." The court also divided the parties' property, marital real estate, nonmarital property, quarterly tax payments, car insurance, and Lowell's pension and joint earnings plans.

## ISSUES

1. Was evidence sufficient to support a split custody arrangement?

2. Did the trial court err by refusing a child support award?

3. Did the trial court abuse its discretion when dividing the parties' property?

## ANALYSIS

*1. Custody.*

■ Lowell Linderman claims the trial court abused its discretion by splitting custody of the children and because the trial court's decision was based on sex of the parent. *See* Minn.Stat. § 518.17, subd. 3 (1984). A trial court's determination of child custody will not be overturned absent a clear abuse of discretion. *Peterson v. Peterson,* 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976).

■ Split custody decisions are considered unfortunate and are carefully scrutinized on appeal. *Rinker v. Rinker,* 358 N.W.2d 165, 168 (Minn.Ct.App.1984). Nevertheless, great deference is given to the trial court in these matters. In a similar situation, the supreme court stated:

With respect to custody of the children, everyone who testified on the subject, including both parties to the action, was of the opinion that the children should be kept together, no matter who had custody. The two older children were examined by the trial court and while they expressed a preference to be with their father, they also felt that the family should be kept intact. The only ones who felt otherwise were the county welfare workers who made an examination of the family at the request of the trial court. However, custody of the children is a matter that rests so largely in the discretion of the trial court that we are reluctant to interfere with it, even here, where it appears to us that it would have been better to have awarded the custody of all the children to one parent or the other * * *.

*Borchert v. Borchert,* 279 Minn. 16, 19–20, 154 N.W.2d 902, 905 (1967).

While splitting custody of the children in this matter may not have been optimal, the trial court heard four days of testimony from 23 witnesses and was in a better

position than this court to determine custody of the children.

■ Although the trial court did mention Jimmy would be better with a maternal parent, the trial court's custody decision was not based heavily on sexual preference. The relevant statute proscribes an award "solely" on that basis. Minn.Stat. § 518.17, subd. 3 (1984). The trial court evaluated the family situation and considered several child custody factors.

■ The trial court's custody decision was not a clear abuse of discretion.

### 2. Child Support.

■ Rosemary Linderman contends the trial court erred by not awarding her child support. In the absence of abuse of its broad discretion on the subject, the decision of the trial court must be affirmed. *Reck v. Reck,* 346 N.W.2d 675, 677 (Minn.Ct.App. 1984).

■ More specific findings would have aided our appeal. Nonetheless, the trial court addressed the needs and resources of each parent and the children. An examination of the record shows ample evidence to support those findings and the ultimate fact that the withholding of a support award was reasonable. *See* Minn.Stat. § 518.17, subd. 4 (1984).

Lowell Linderman has monthly earnings of $2,767. He is solely responsible for the care and support of the two older children. Rosemary Linderman's income is disputed. She claims monthly earnings of $811, but the record includes evidence that she enjoys net annual income, earnings and rentals, totaling nearly $19,000. She did not offer evidence on her expenses. Under these circumstances, it was not clearly erroneous to consider reasonable the withholding of any payments for child support.

Respondent contends a different result is compelled by the statutory child support guidelines, Minn.Stat. § 518.551, subd. 5 (1984). Under the guidelines, appellant's obligation for one child would be $691.79. We do not agree the guidelines show an error of the trial court.

■ The statutory guidelines are not to be applied mechanically. Under Minnesota's statutory scheme, arbitrary use of calculations under the guidelines is avoided by thoughtful consideration of departure. Minn.Stat. §§ 518.17, subd. 5, 518.551, subd. 5(e) (1984).

The standards for departure are well settled. According to section 518.17, subd. 5, the trial court is to consider the factors stated in Minn.Stat. § 518.17, subd. 4. These deal with resources and reasonable needs of each parent and the child. The court must consider the needs of the child. *Bjorke v. Bjorke,* 354 N.W.2d 107, 110 (Minn.Ct.App.1984). In summary, we have observed:

> There is no reason to believe that the factors listed in Minn.Stat. § 518.17(4) (1984), including the needs of the child or the needs and resources of either parent, cannot be used to justify deviation from the guidelines.

*Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn.Ct.App.1984). In *Letourneau,* we reversed departure that left the custodial parent nothing in excess of her needs.

The trial court findings are to address the factors justifying departure. Minn. Stat. §§ 518.17, subd. 5, 518.551, subd. 5(e) (1984). Those findings may not be set aside on appeal unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

We noted above the evidence supporting findings of the trial court on resources and needs of the parents and children, factors justifying departure from a calculation under the guidelines. Further, as respondent concedes, any obligation of the father is appropriately reduced because of his sole contribution to the support of two children. Finally, there is ample evidence here that Rosemary Linderman has resources significantly in excess of her reasonable needs and those of the child in her custody.

With or without regard for statutory child support guidelines, we must affirm

the decision of the trial court to refuse an award of child support to either party.

We also note that the trial court expressly reserved its authority to review child support issues without a showing of substantially changed circumstances. Thus, respondent retains the opportunity to present other evidence and to obtain trial court review on child support.

### 3. Division of Property.

#### A. Homestead issues.

Rosemary Linderman claims the trial court abused its discretion by failing to find the value of the homestead and by refusing to order Lowell to immediately pay her share of equity in the homestead. Lowell Linderman claims the trial court erred by refusing to permit deduction of usual realtor fees if Lowell decides to purchase Rosemary's equity in the homestead.

The trial court awarded each party an equal interest in homestead equity, subject to some adjustments. The court awarded the home to Lowell but required payment of Rosemary's equity in the home when the youngest child residing with Lowell reaches age 18. With this award, it was not necessary to know the present value of the home. Further, the court had no reason to impute a realtor's fee should Lowell decide to purchase Rosemary's equity. The trial court did not abuse its discretion.

#### B. North Dakota property.

The parties own an undivided one-half of 160 acres of farm land in North Dakota. The land is jointly owned by the parties and Rosemary's brother and sister-in-law. The farm land is currently for sale.

The trial court heard evidence concerning the value of the land and determined the value to be $700 per acre. The court awarded the property to Rosemary Linderman, and awarded half the value of the parties' equity, $12,500, to Lowell. Lowell is to be paid within three years or upon sale of the land, whichever is earlier.

Rosemary claims the trial court abused its discretion by valuing the proper-ty without having it professionally appraised. "[T]he market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses * * *." *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975). A trial court's valuation of assets need not be exact provided it falls within reasonable limits. *Id.; see Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979).

The trial court based its valuation upon the purchase price established in a sale which was almost completed. Rosemary did not present any expert appraisals to the contrary. The trial court did not abuse its discretion in valuing and awarding the North Dakota farm land to Rosemary.

#### C. Insurance of Joint Earnings and Pension.

Rosemary Linderman claims the trial court abused its discretion by not ordering Lowell to insure her portion of pension benefits and an account owed to Lowell as employee benefits. Lowell says he will not receive these benefits if he dies before age 65. Therefore, he believes Rosemary should share the risk of not receiving the benefits. He also contends any cost of insuring these benefits should be borne by Rosemary.

The trial court awarded half of the present interest in Lowell's earnings and pension plans to Rosemary. Her interest is to be paid "as and when [Lowell] is paid his interest in the plan." The trial court's allocation of Lowell's pension and joint earnings account is consistent with the principles set out in *Janssen v. Jannsen,* 331 N.W.2d 752, 756 (Minn.1983).

#### D. Income from Rosemary's Non-marital Property.

Rosemary claims certain assets purchased with income from her non-marital property in North Dakota should also be considered non-marital property. Income from a non-marital asset is a marital asset

under Minn.Stat. § 518.54 (1984). *Pearson v. Pearson*, 363 N.W.2d 337 (Minn.Ct.App. 1985). Rosemary's rental income from her non-marital property in North Dakota was not acquired as a gift, bequest, devise or inheritance and does not represent any increase in the value of the property.

Even if Rosemary's income from this property were considered non-marital, the record supports the trial court's conclusion the property lost its non-marital character because the income was commingled with family finances and spent on family expenses. Moreover, taxes on this income were paid from the family's joint income.

### E. *Equal Division.*

██ Lowell claims the trial court abused its discretion because the final values of the parties' divided property gave Rosemary $1,788.00 more than he was given. The trial court was not required to make an equal division of the parties' property. The court's division was "just and equitable." Minn.Stat. § 518.58 (1984).

### F. *Engagement Ring and Wedding Band.*

██ Lowell claims Rosemary's wedding jewelry is his non-marital property because it was purchased with his non-marital income prior to the marriage. Rosemary's wedding jewelry is her non-marital property under Minn.Stat. § 518.54, subd. 5(b) (1984). Also, the jewelry was part of a property division list the parties mutually accepted.

### DECISION

The child custody, child support and property division decisions of the trial court were free of reversible error.

Affirmed.