**In re the Marriage of Lissa Jane STEWART, Petitioner Respondent,**

v.

**Frederick L. STEWART, Appellant.**

**No. C7–85–581.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Patrick E. Florin, St. Paul, for respondent.

Craig A. Goudy, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Frederick Stewart appeals from the trial court's award of child support. He contends that the court improperly refused to depart downward from statutory support guidelines. We affirm.

## FACTS

The parties were married in 1974. One child, Justin, was born of this marriage in 1980. The parties stipulated to a dissolution of the marriage, and to the distribution of property. They agreed that neither shall pay spousal maintenance to the other. They reached no agreement on the amount of child support. The trial court ordered appellant to pay $462.50 per month child support.

Appellant is employed by Control Data Corp. and resides in Georgia. His net monthly income is $1,850. His expenses include loan payments and maintenance costs for an automobile. He is required to use his automobile for his job and is only partially reimbursed by his employer for vehicle expenses. He argues here that the court should have considered these expenses when determining child support and thus required a lower monthly support payment from appellant.

Respondent is employed by Insurance Companies of North America and resides in Minnesota. Her net monthly income is $1,000. She and Justin have monthly living expenses of $1,524. In addition, she makes monthly debt payments of $100.

Appellant claims that he cannot pay the decreed amount of child support and still maintain a regular visitation relationship with the child. He argues that requiring him to pay $462.50 per month will be inimical to the best interests of Justin because the expense of flights to and from Minnesota will prohibit frequent visits. He requests that the support obligation be reduced to $375 per month.

## ISSUE

Did the trial court improperly refuse to depart downward from statutory child support guidelines?

## ANALYSIS

■ Trial courts have broad discretion to award child support in dissolution cases. *Trebelhorn v. Uecker*, 362 N.W.2d 342, 346 (Minn.Ct.App.1985). The trial court's award of child support will be affirmed if it has a reasonable and acceptable basis in fact. *Id.*

The trial court has discretion to order that either or both parents "pay an amount reasonable or necessary for [child] support" after considering such factors as the child's resources and needs, the parents' resources and needs, the standard of living the child would have enjoyed had the marriage not been dissolved, and the child's educational needs and physical and emotional condition. Minn.Stat. § 518.17, subd. 4 (1984). The legislature has mandated, however, that the amount of child support awarded shall not be lower than that dictated by statutory guidelines unless the trial court considers the above factors and makes express findings of fact as to the reason for the lower order. *Id.*, subd. 5. *See Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.Ct.App.1984).

The overriding concern in child custody and support cases is that the best interests of the child be served. *See, e.g., id.* at 785.

In determining whether to deviate downward from the child support guidelines, the courts are allowed to consider any private debts the obligor may have incurred for the generation of income. Minn.Stat. § 518.551, subd. 5(b)(2). A downward deviation is discretionary with the trial court after making findings of fact regarding the reasons for a downward deviation. *Id.* § 518.17, subd. 5.

Appellant argues that the trial court improperly refused to deviate downward from the statutory guidelines. At trial, appellant argued that use of the guideline chart here is an injustice for the child and both parents; he advocated that a reasonable decision would not blindly follow the chart as an edict for all cases.

On appeal Frederick Stewart claims that his automobile expenses and automobile loan payment constitute private debts incurred for the production of income. Thus, he argues, the trial court should have considered that and required a smaller child support award from him.

■ Appellant has a monthly net income of $1,850 and monthly living expenses of $1,339. The custodial parent's monthly net income is approximately $1,000, and her and Jason's monthly living expenses are $1,524. In light of these circumstances, we cannot conclude that the trial court abused its discretion in refusing to lower appellant's monthly child support obligation. As we stated in *Kreidler*, "[w]henever possible, the court should minimize the financial consequences of the dissolution for the child." 348 N.W.2d at 785. That is consistent with concern for the best interests of the child.

Appellant also argues that the trial court should have lowered his support obligations because of expenses appellant will incur to visit his child in Minnesota. He correctly observes that the best interests of the child are also served by valuable interaction with his father. *See* Minn.Stat. § 518.17, subd. 1(c) (1984).

In *Auge v. Auge,* 334 N.W.2d 393 (Minn. 1983), the Minnesota Supreme Court remanded the case for a full hearing on the custodial parent's request to remove the child from the state from November to June of each year. The supreme court instructed the trial court that if removal were permitted, then the trial court

may make appropriate adjustments in child support to spread the cost of visitation in an equitable manner, provided that such adjustments are not against the best interests of the child.

*Id.* at 400.

Still, it is within the trial court's discretion to modify child support to spread visitation costs. Any reduction in the amount of the child support the obligee is to receive will put upon the child the adverse financial consequences of the dissolution. We cannot say that the trial court abused its discretion here in balancing the competing interests of the child for financial security and for contact with his father.

### DECISION

The trial court did not abuse its discretion in refusing to deviate downward from child support guidelines.

Affirmed.