**In re the Marriage of: Nadine G. KELLY, Petitioner, Respondent,**

**v.**

**Michael J. KELLY, Appellant.**

**No. C6–83–1863.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

ruled the trial court's awards of child support and attorney's fees were not reviewable. The Minnesota Supreme Court subsequently held refusal to review was erroneous and remanded to this court for decision on the merits. *Kelly v. Kelly,* 371 N.W.2d 193 (Minn.1985). We now review the awards.

In this appeal, appellant claims the trial court (1) abused its discretion in its child support award, and (2) abused its discretion by awarding respondent $1200 in attorney's fees without proof of counsel's value or respondent's need. We affirm.

## FACTS

The trial court dissolved the marriage of Michael and Nadine Kelly, granting custody of the couple's only 10-year-old child to respondent Nadine Kelly. Appellant Michael Kelly has custody and solely supports his then fifteen-year-old son from a prior marriage. Appellant was ordered to pay $400 per month in child support, increased to $500 per month after two years. Homestead title was given to appellant with a $39,000 lien in favor of respondent and respondent was awarded $1200 in attorney's fees.

## ISSUES

1. Was the child support award proper?

2. Was the award of attorney's fees proper?

Jerome M. Rudawski, St. Paul, for respondent.

Thomas M. Scott, Grannis, Campbell, Farrell & Knutson, P.A., South St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge

In *Kelly v. Kelly,* 348 N.W.2d 397 (Minn. Ct.App.1984), under the facts there, we

## ANALYSIS

1. Appellant claims the trial court's failure to specify his financial obligations to his child by a former marriage in determining child support was an abuse of discretion. He argues the trial court improperly refused to downwardly depart from the child support guidelines by failing to consider this factor. "In the absence of abuse of its broad discretion on the subject, the decision of the trial court must be affirmed." *Linderman v. Linderman,* 364 N.W.2d 872, 875 (Minn.Ct.App.1985).

Appellant's payment of $400 per month is the presumptive guideline payment. *See*

Minn.Stat. § 518.551, subd. 5 (1984). The $100 per month step increase was ordered to replace a cost-of-living adjustment. "In determining whether to depart from the presumptive award," the trial court should examine five statutory factors: (1) financial resources and needs of the child; (2) financial resources and needs of the custodial parent; (3) standard of living the child would have enjoyed had the marriage not been dissolved; (4) physical and emotional condition of the child and his educational needs; and (5) financial resources and needs of the noncustodial parent. *Id.* § 518.17, subd. 4.

Particularized findings are necessary in light of the trial court's broad discretion, but are sufficient if the trial court considered the needs and resources of each parent, the child, and the record amply supports the findings and the reasonableness of the support award. *Riley v. Riley,* 369 N.W.2d 40, 44 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Aug. 29, 1985); *Linderman,* 364 N.W.2d at 875.

Here, appellant's financial obligation to his fifteen-year-old son was not stated in the trial court's findings of fact. The trial court did expressly consider, however, appellant's financial resources, specifically finding personal property was divided in appellant's favor by $7700. The record indicates appellant never requested support assistance from the son's mother and appellant's net monthly income is twice respondent's. The trial court's findings, supported by the record, indicate consideration of both parties' needs and resources. *See Stewart v. Stewart,* 373 N.W.2d 856 (Minn. Ct.App.1985). The child support award was proper and not an abuse of discretion.

2. Appellant claims the trial court's award of $1200 in attorney's fees was a "total abuse of discretion." "An award of attorney fees is almost entirely within the discretion of the trial court, and should not be disturbed absent clear abuse of discretion." *Meyer v. Meyer,* 359 N.W.2d 74, 77 (Minn.Ct.App.1984); *see* Minn.Stat. § 518.14. While the record does not indicate the extent of respondent's attorney's services nor any proof of value, reasonableness of an attorney's value may be determined by the trial court's observation of his services. *Ryan v. Bigos Properties,* 351 N.W.2d 680, 681 (Minn.Ct.App. 1984). The trial court observed respondent's counsel, reviewed the record indicating time-consuming preparation of property valuations, and denied appellant's requested reversal of the award in his motion for amended judgment. Respondent's need for assistance in counsel fees is supported by findings and the record.

## DECISION

The trial court's award of child support and attorney's fees was proper and supported by the record.

Affirmed.