**Judith Ann WENDE, n.k.a. Judith Ann McPheron, petitioner, Appellant,**

v.

**John David WENDE, Respondent.**

**No. C8-85-2114.**

Court of Appeals of Minnesota.

April 29, 1986.

---

D. Patrick McCullough, St. Paul, for appellant.

Kenneth G. Schivone, St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

Judith Wende McPheron appeals from an October 22, 1985 order denying her alternate motions for amended findings or a new trial. The basis of the motion was a request for reconsideration of child support and for attorney's fees. Appellant now claims that the trial court's substantial departure from child support guidelines without specific findings and the denial of attorney's fees in view of her limited financial resources constituted an abuse of discretion. Pursuant to the parties' stipulation, the evidence on appeal is presented by way of affidavits, memoranda and exhibits submitted after the custody trial on November 14–15, 1984. We reverse and remand.

## FACTS

The 15-year marriage of Judith Ann and John David Wende ended in divorce in April 1982. Respondent is a minister. Appellant was a full-time homemaker at the time. For approximately six months prior to the dissolution, the couple's five minor children were in the primary custody of respondent. The parties stipulated to continuation of this custody arrangement and it was incorporated into the judgment and decree. Appellant was granted liberal visitation rights.

For the next two and one half years respondent remained the custodial parent. The relationship between the parties was marked with conflict. Both parties subsequently remarried. Appellant moved to Florida to accommodate the health needs of her new husband but returned to Minnesota each summer. During these periods, appellant and her children lived on a houseboat on the St. Croix River.

In August 1984, appellant moved the court for an order awarding her custody of the couple's three youngest children, as well as reasonable child support and attorney's fees. Respondent counterclaimed for child support and attorney's fees. The court ordered a custody investigation and postponed decision on all other issues until after trial. On October 10, 1984, based on the results of the custody investigation, the court, *sua sponte,* ordered that appellant receive immediate custody of the three minor children, pending trial. Following a November 1984 trial, appellant was granted temporary custody of the children with a final disposition to be made in August 1985. Appellant was allowed to remove the children to Florida for the upcoming school year with return to Minnesota thereafter.

On September 11, 1985, pursuant to the parties' stipulation, the trial court awarded appellant permanent custody of the three minor children. It was further agreed that the parties would attempt to resolve issues pertaining to visitation, child support and attorney's fees without judicial intervention but that if such attempts were unsuccessful, the parties would submit the matter to the court by way of affidavits, memorandum, and proposed findings. The parties were subsequently unsuccessful in resolving these issues. At the time, two of respondent's children and two of his second wife's children from a former marriage lived with respondent. A third step-child was in college but spent summers in re-

spondent's household. Respondent and his second wife were also expecting a child in November, who was born thereafter. No children resided with appellant and her second husband other than her own. The parties' respective financial positions were documented as follows.

Appellant did not work outside the home after the parties' divorce and earned no outside income. Appellant's second husband (Wesley McPheron) was retired from the military. His net income from benefits and interest income was $24,641 in 1984, or $2,053 per month. In addition, he owns a home and a condominium in Florida and a boat slip and a townhouse in Minnesota. His asthmatic condition requires that he live in Florida for nine months of the year and the other three months in a climate comparable to Minnesota. Although McPheron claimed a loss on these properties, he earned a profit of $357.58 per month, exclusive of various improvements and depreciation. Appellant claimed monthly expenses for herself and her children of $2,439.

Respondent grosses $19,040 per year in his position as a minister. The church provides housing, utilities, and health and medical insurance on which he pays no income tax. Appellant valued these benefits at $700 per month. Respondent does not dispute this amount. Respondent's second wife, Diana Wende, receives $800 per month, $400 in social security for her children and $400 from interest income. She contributes $75 per month toward household expenses. In 1984, they paid $1,070 in total taxes. Respondent stated in his affidavit that he expected his taxes to increase to $2,000 when he could no longer claim his three minor children as dependents. He submitted monthly expenses of $2,137, exclusive of tax.

The trial court awarded appellant $135 per month in child support, a downward departure from child support guidelines of over 80%, and denied her request for attorney's fees in its entirety. In relevant part, the trial court's findings and conclusions of law stated:

5. That the financial resources and circumstances of the parties are such that a departure from M.S.A. 518.551 is warranted.

\* \* \* \* \* \*

[Conclusions of Law]

2. That [appellant] has a limited need for child support and respondent has a limited ability to pay such support.

## ISSUES

1. Did the trial court abuse its discretion when it deviated from child support guidelines by over 80% without specific findings on respondent's inability to pay the statutory amount and when it based its decision solely on the earnings of appellant's second husband?

2. Did the trial court abuse its discretion in denying appellant attorney's fees?

## ANALYSIS

■ 1. A trial court is afforded broad discretion in awarding child support in dissolution cases and must be affirmed if it has a reasonable and acceptable basis in fact. *Stewart v. Stewart*, 373 N.W.2d 856, 857 (Minn.Ct.App.1985). The overriding concern in child support and custody cases is the best interests of the child. *Id.* Minn.Stat. § 518.551 and 518.17 (1984) provide the basis for a trial court's award of child support.

**Child support.** The court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984).

Minn.Stat. § 518.551 sets out the guidelines for appropriate child support based on the net monthly income of the non-custodial parent. Although the trial court did not specify respondent's net earnings, his own documentation lists net monthly earnings of $2,072. As the non-custodial parent of three children, he would be obligated under the guidelines to allocate 35% of his net monthly earnings, or $725.20, to child support. We take particular note that appellant did not request the statutory amount, but rather $500 per month in support until the oldest child became emancipated, $600 per month until the second oldest child became emancipated and $800 per month thereafter.

■ In cases involving a split custody arrangement, we have stated that a trial court may properly consider Minn.Stat. § 518.17, subd. 4(e) as a basis for a downward departure from the child support guidelines. *See Berlin v. Berlin,* 360 N.W.2d 452, 454 (Minn.Ct.App.1985). We emphatically note, however, that *any* departure from child support guidelines must be supported by express findings of fact.

(e) The [child support] guidelines are binding in each case unless the court makes express findings of fact as to the reason for departure below the guidelines in that case in which the court orders support that so deviates from the guidelines.

Minn.Stat. § 518.551, subd. 5(e) (1984); *See Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986).

In the instant case, the trial court's award of $135 per month is a downward departure of over 80% from the child support guidelines and 31% from appellant's requested amount. The sole basis for the trial court's decision is limited to a finding that:

The financial resources and circumstances of the parties are such that a departure from M.S.A. 518.551 is warranted.

In reference to the "financial resources and needs" of the children, the trial court stated in its memorandum:

It was the Court's view that deviation from the guidelines was warranted in that respondent still has in his care the two older children of the parties who at their ages generally have greater financial needs than do younger children. * * [A]t the [custody] hearing it was indicated that [appellant] and her new husband have the resources to provide a secure financial setting for these youngsters.

In *Linderman v. Linderman,* 364 N.W.2d 872 (Minn.Ct.App.1985), the father was awarded custody of the two oldest children and the mother was awarded custody of the youngest child. The parties' net yearly income totalled $33,204 and $19,000, respectively. The trial court did not award either party child support since each had "substantial income to meet their own expenses and the expenses of the children or child in their own custody." *Id.* at 874. This court affirmed, stating:

The statutory guidelines are not to be applied mechanically. Under Minnesota's statutory scheme, arbitrary use of calculations under the guidelines is avoided by thoughtful consideration of departure. Minn.Stat. §§ 518.17, subd. 5, 518.551, subd. 5(e) (1984).

*Id.* at 875.

The *Linderman* court implicitly reiterated the *Berlin* holding:

There is no reason to believe that the factors listed in Minn.Stat. § 518.17(4) (1984), including the needs of the child or the needs and resources of either parent, cannot be used to justify deviation from the guidelines.

*Id.* at 875 (quoting *Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn.Ct.App. 1984)).

While *Linderman* guides us in our decision, we do not find it dispositive of the

issues before us since the trial court in that case made specific findings on the parties' respective abilities to meet child support obligations. Moreover, unlike the respondent in *Linderman,* appellant has no outside source of income. Her sole "financial resource" is the retirement income of her second husband. While "the financial circumstances of each party's spouse" is a factor to be considered in modification cases under Minn.Stat. § 518.64, subd. 2 (1984), we are not aware of any case law or statutory provision that imposes a legal duty upon a new spouse to provide support for his or her step-children. Here, it is immediately apparent that the trial court placed great emphasis on the financial resources of appellant's new spouse:

> Equally important is the lifestyle of [appellant] and her new husband. Their circumstances are of a kind and nature which most people would envy. Moreover, at the last hearing it was indicated that [appellant] and her new husband have the resources to provide a secure financial setting for these youngsters. Not to deviate from the guidelines would simply be to exalt form over substance to the detriment of the two oldest children of the parties.

We further take issue with the trial court's characterization of appellant's current lifestyle. Appellant and her new husband maintain residences in Florida and in Minnesota due to the husband's asthmatic condition, not because their lifestyle is extravagant. According to an affidavit before the court, McPheron is in the process of selling these properties and placing the proceeds in trust for his own two children. This would limit appellant's financial resources to McPheron's military pension. Similarly, we are not persuaded by respondent's argument that the trial court's departure from the guidelines is justified since appellant refused to seek outside employment. Appellant is the custodial parent of the couple's three youngest children, ranging in age from 10 to 13. We will not speculate on her ability to contribute financial support to her family absent findings that she is willing and able to do so.

We are not insensitive to the difficulty the trial court encountered in deciding these particular issues on the basis of the parties' affidavits, memoranda and exhibits. Nor do we mean to suggest that a downward departure of some variation was unwarranted under the facts of this case. Nonetheless, the lack of specific findings to support a downward departure of over 80% from child support guidelines abrogates law in this jurisdiction and necessitates a remand. *See Moylan; Erickson v. Erickson,* 385 N.W.2d 301 (Minn.1986).

On remand, the trial court is directed to value the parsonage respondent receives from the church on which he pays no income tax. The amount of this non-cash income should be included in respondent's net monthly income. *See* Minn.Stat. § 518.551, subd. 5(a)(1) (1984).

2. A trial court has broad discretion in deciding whether to award attorney's fees in a dissolution proceeding. Minn.Stat. § 518.14 (1984). In making this determination, a trial court must consider the "financial resources of both parties." *Kennedy v. Kennedy,* 376 N.W.2d 702, 705 (Minn.Ct.App.1985). The standard for determining the propriety of an award of attorney's fees is "a party's need for financial assistance in order to protect his or her rights in dissolution proceedings." *Frederiksen v. Frederiksen,* 368 N.W.2d 769, 778 (Minn.Ct.App.1985). The total absence of any findings on each party's financial position and appellant's need for financial assistance makes further discussion unnecessary. On remand, the trial court should make the findings necessary to exercise its discretion.

## DECISION

The trial court abused its discretion when it deviated substantially from the child support guidelines and denied appellant attorney's fees without making specific findings supporting these decisions.

Reversed and remanded.

RANDALL, J., dissents in part.

RANDALL, Judge, dissenting in part.

I respectfully dissent from the majority opinion just on the issue of attorney fees. The supreme court and our court are replete with decisions indicating the broad discretion vested in a trial court in judging the issue of attorney fees, and, as to that issue, I would have affirmed.

On the other issues, I concur with the remand.