In re the Marriage of John Lorenzo MALECHA, Petitioner, Respondent,

v.

Donna Evelyn MALECHA, Appellant.

No. C3-85-2098.

Court of Appeals of Minnesota.

April 29, 1986.

---

Darrel A. Baska, Nathan, Baska & Lerman, Eagan, for respondent.

Ronald L. Moersch, Hvistendahl & Moersch, Northfield, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

### OPINION

HUSPENI, Judge.

Immediately following entry of the stipulated dissolution judgment, respondent John Malecha moved the trial court to reconsider and reduce the amount of child

support. The trial court found support to be unfair and reduced it. Appellant Donna Malecha appeals alleging that the trial court deviated downward from the support guidelines without sufficient findings. We affirm.

## FACTS

In May 1985 the parties' marriage was dissolved pursuant to stipulation on all issues. Custody of three children ages eight, ten and fourteen was granted to appellant and custody of one child age sixteen was granted to respondent. Respondent was to pay $645 per month as child support.[1] Upon obtaining new counsel, respondent moved the trial court in June 1985 to lower the child support. The trial court found that the parties erred in computing the amount of support under the child support guidelines and that the amount stated in the decree was unfair. Further, the trial court found:

4. * * * In addition the Court finds that no consideration or credit was accorded the fact that [respondent] has one child in his custody, and that in fairness [respondent] should be allowed a percentage of his income for the care for said child. In this case the amount is found to be 9 percent of his net monthly wages.

5. That the [respondent's] gross monthly wages at the time of the entry of the Decree was in the sum of $2,194, which includes his reserve pay. His net monthly income is in the sum of $1,650 which also includes his net monthly reserve pay.

6. In conformity with the statutory child support guidelines [respondent] should be obligated for 39 percent of his net monthly income for child support for four children. Since he has one child in his custody, the Court has determined that he should pay 30 percent of his net monthly income for the support of the three children in [appellant's] custody, and be allowed 9 percent thereof to pay

for the expenses of the child in his custody. Accordingly, the Court finds that [respondent's] child support obligation payable to the [appellant] is now in the sum of $495.00 per month, and said amount shall be paid effective July 1, 1985.

Based on its findings, the trial court modified child support to $495 per month, which was 30% of respondent's net income.

## ISSUE

Did the trial court abuse its discretion in setting child support at 30% of respondent's net income?

## ANALYSIS

The standard of our review and relevant statutory considerations are amply set forth in *Stewart v. Stewart*, 373 N.W.2d 856, 857 (Minn.Ct.App.1985).

Minn.Stat. § 518.17, subd. 5 (1984) provides that "[t]he court may order the *noncustodial* parent to pay support." (Emphasis added). In this case respondent is the noncustodial parent as to three children and appellant is the noncustodial parent as to one child.

Appellant agrees that appropriate guideline support for the three minor children in her custody would be 35% of respondent's net income. Appellant contends, therefore, that the trial court departed downward from the guidelines when it set support at 30% of respondent's net income and did so without sufficient findings.

Initially we must address the question of whether strict application of the support guidelines is required in this case. We believe it is not. In *Linderman v. Linderman*, 364 N.W.2d 872 (Minn.Ct.App.1985), the father had custody of two children and the mother of one minor child. The trial court ordered that neither party pay support to the other and we affirmed, noting:

The statutory guidelines are not to be applied mechanically. Under Min-

1. $645.00 was just over the 39% guideline figure for support of four minor children (1,650 × 39% = $643.50).

nesota's statutory scheme, arbitrary use of calculations under the guidelines is avoided by thoughtful consideration of departure.

\* \* \* \* \* \*

\* \* \* [A]ny obligation of the father is appropriately reduced because of his sole contribution to the support of two children.

*Id.* at 875. *See also Bredeson v. Bredeson,* 380 N.W.2d 575, 578 (Minn.Ct.App.1986) ("We are reluctant to impose an automatic application. The determination should depend on the facts in each case.").

Both parties direct our attention to *Berlin v. Berlin,* 360 N.W.2d 452 (Minn.Ct. App.1985), a case where the mother had custody of one minor child and the father had custody of a second minor child who was one month from her eighteenth birthday, was three weeks from her high school graduation and was no longer living at home. At the time of the motion, the mother was unemployed. The mother was awarded $200 per month support for the child in her custody (guideline support would have been approximately $540). We remanded for entry of support consistent with the guidelines, noting that split custody alone was not a sufficient basis for the trial court's downward departure. There are no circumstances here that are in any way comparable to the special circumstances present in *Berlin,* and we find that case inapplicable.

Ultimately we must determine whether the trial court abused its discretion in setting support at 30% of respondent's net income. Appellant does not challenge the appropriateness of a reduction from 39%, but argues only that the reduction should have been to 35%. However, a support order for $577.50 (35% of $1,650) would have reflected no consideration of the fact that respondent solely supported one minor

child.[2] The trial court, by ordering child support in the sum of $495.00, allowed respondent to retain the sum of $82.50 to provide for the support of the parties' sixteen-year-old child. Mindful of our admonition that mechanical application of the guidelines is inappropriate in cases involving split custody, *Linderman,* 364 N.W.2d at 875, we find no abuse of discretion in the trial court's determination.

## DECISION

The trial court did not err in considering respondent's obligation to support one minor child when it set child support for the three minor children in appellant's custody at 30% of respondent's net income.

Affirmed.

---

2. Apparently appellant is now employed. The trial court, in its discretion, might have ordered respondent to pay appellant the required percentage under the guidelines for three children (35%) and appellant to pay respondent the required percentage for one child. These two amounts could then have been offset against each other to arrive at a single support amount. Minn.Stat. § 518.17, subd. 5. Neither party raised this possibility as an issue and we do not address it, except to note that the existence of this alternative does support the reasonableness of the 30% figure arrived at by the trial court.