*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-2167**

In re the Marriage of:
Lynn Desiree Wallace, petitioner,
Respondent,

vs.

Christopher Michael Wallace,
Appellant.

**Filed October 6, 2014**
**Reversed and remanded**
**Johnson, Judge**

Washington County District Court
File No. 82-FA-11-6803

Lynn Desiree Wallace, Naples, Florida (*pro se* respondent)

Mark Z. Hanno, Oakdale, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Hooten, Judge; and Harten, Judge.*

---

*Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. VI, § 10.

UNPUBLISHED OPINION

**JOHNSON**, Judge

Lynn Desiree Wallace and Christopher Michael Wallace were married for approximately three years before their marriage was dissolved. On appeal from the judgment dissolving the marriage, Christopher challenges the district court's conclusion that some of the funds in two bank accounts are non-marital property belonging to Lynn. We conclude that the non-marital property in the bank accounts when the parties were married was commingled with marital property acquired during the marriage and was not traced to any other property. Accordingly, the district court erred by deeming some of the funds in the two accounts to be non-marital property and awarding those funds to Lynn. Therefore, we reverse and remand.

## FACTS

The parties were married in April 2010. Lynn petitioned for dissolution of the marriage in November 2011. The matter was tried on two days in September 2012.

At trial, Lynn sought an award of non-marital property consisting of a portion of the funds in a checking account and a savings account at Wells Fargo Bank. Both accounts belonged to Lynn before the marriage. Lynn testified that the wages she earned during the marriage were deposited into the checking account, which she used to pay the couple's monthly bills. She also testified that when the balance of the checking account was low, she would "borrow money" from the savings account and later would "repay" the savings account with money she earned during the marriage. The parties stipulated to the admission of exhibits consisting of monthly statements for the two accounts. The

2

exhibits show the balances of the accounts in April 2010, the amounts that Lynn deposited into the accounts during the marriage, the amounts that the parties withdrew from the accounts during the marriage, the daily balances of the accounts throughout the marriage, and the balances of the accounts at the end of the marriage.

At the conclusion of the trial, the district court requested proposed orders and briefing on the "premarital claims," among other issues. Lynn submitted a letter brief and a proposed judgment outlining her non-marital claims in the balances of the Wells Fargo accounts. She argued that a portion of the funds in each account should be deemed non-marital based on the amounts of the beginning balances, deposits, withdrawals, and ending balances. Specifically, Lynn argued that $2,137.77 of the funds in the checking account and $20,076.91 of the funds in the savings account should be deemed non-marital. Christopher simultaneously submitted a memorandum in which he argued that Lynn "extensively co-mingled marital and nonmarital moneys" in such a way that "rendered the original funds virtually untraceable." Consequently, Christopher argued that none of the funds in either account should be deemed non-marital. In March 2013, the district court issued a judgment in which it essentially adopted Lynn's proposal and concluded that she is entitled to $1,182.27 of the funds in the checking account and $20,076.91 of the funds in the savings account.

In April 2013, Christopher moved to amend the judgment. In a supporting memorandum, Christopher accepted the district court's premise that the funds in the accounts could be deemed partially marital and partially non-marital and argued that the district court should deem a lesser portion of each account to be non-marital.

Specifically, Christopher argued that the district court should deem 3% of the ending balance of the checking account and 35% of the ending balance of the savings account to be non-marital. This method would result in non-marital interests of only $132.15 in the checking account and only $9,632.67 in the savings account. In September 2013, the district court denied Christopher's motion. The district court made minor changes in the amount of Lynn's non-marital interest in the checking account to correct a clerical error. The district court ultimately concluded that $1,682.27 of the funds in the checking account and $20,076.91 of the funds in the savings account are non-marital funds belonging to Lynn. Christopher appeals.

## D E C I S I O N

Christopher argues that the district court erred by concluding that some of the funds in the two bank accounts are non-marital assets belonging to Lynn. He contends that because Lynn commingled the initial non-marital balance of each account with money she earned during the marriage, and because she has not traced those non-marital funds, all of the funds in both accounts are marital property. In short, Christopher renews the argument that he presented to the district court before the issuance of the original judgment. Lynn did not file a responsive brief. The matter is submitted for decision despite the absence of a responsive brief. *See* Minn. R. Civ. App. P. 142.03.

In general, property that is acquired by a married person during the marriage is subject to a rebuttable presumption that the property is marital property. Minn. Stat. § 518.003, subd. 3b (2012); *Baker v. Baker*, 753 N.W.2d 644, 649 (Minn. 2008); *Risk ex rel. Miller v. Stark*, 787 N.W.2d 690, 696 (Minn. App. 2010), *review denied* (Minn.

4

Nov. 16, 2010). Property that was "acquired before the marriage," however, is presumed to be non-marital property. Minn. Stat. § 518.003, subd. 3b. Upon the dissolution of a marriage, non-marital property generally is awarded to the party to whom it belongs, and marital property is divided equitably between the parties. Minn. Stat. § 518.58, subd. 1 (2012); *Lee v. Lee*, 775 N.W.2d 631, 636 (Minn. 2009).

If a married person with property acquired before the marriage wishes to maintain the non-marital character of that property, he or she must either keep the non-marital property separate from marital property or, if the non-marital property is "commingled with marital property," must trace the non-marital property to another asset. *Olsen v. Olsen*, 562 N.W.2d 797, 800 (Minn. 1997). If a party cannot adequately trace non-marital property, the district court must characterize the property as marital. *Wopata v. Wopata*, 498 N.W.2d 478, 484 (Minn. App. 1993). If the historical facts are undisputed, this court applies a *de novo* standard of review to a district court's determination whether property is marital or non-marital. *Baker*, 753 N.W.2d at 649; *Risk*, 787 N.W.2d at 696.

In this case, the parties obviously commingled marital property (money from income Lynn earned during the marriage) with non-marital property (money in the Wells Fargo accounts at the time they were married). According to the district court's findings, more than $230,000 flowed through the checking account during the parties' relatively brief marriage. During that same period, the parties deposited approximately $37,000 into, and withdrew approximately $30,000 from, the savings account. Lynn has made no effort to trace any of the funds that constituted the initial balances of the accounts by identifying any other particular item of tangible property that was purchased using those

5

non-marital funds. In other cases in which a bank account was used to pay ordinary living expenses and non-marital funds were withdrawn from the account but not traced to another asset, this court has concluded that the commingling of non-marital and marital funds converted all funds in the account into marital property. *See Haaland v. Haaland*, 392 N.W.2d 268, 272 (Minn. App. 1986); *Rudbeck v. Rudbeck*, 365 N.W.2d 330, 334 (Minn. App. 1985); *Linderman v. Linderman*, 364 N.W.2d 872, 876-77 (Minn. App. 1985).

As stated above, Lynn did not file a responsive brief. Nonetheless, we have reviewed her submissions to the district court. In her letter brief, Lynn cited the law requiring either segregation or tracing and appears to have acknowledged that she did not conduct a conventional form of tracing. Rather, she relied on what she described as "an accounting technique" that identified "all deposits and withdrawals during the marriage and to the extent that withdrawals exceeded deposits, . . . reduced the non-marital interest in the account by the same amount." Lynn cited only one case to support her argument, *Griffith v. Griffith*, 415 N.W.2d 763 (Minn. App. 1987), *review denied* (Minn. Feb. 12, 1988). But that opinion provides no support for the accounting technique she suggested. In *Griffith*, this court concluded that cash proceeds from the sale of non-marital real property "were traced, item by item, through detailed evidence at trial." *Id.* at 766. We reasoned that the facts of *Griffith* are distinguishable from the facts of *Haaland*, which we described as a case involving "commingled funds from many sources placed in the joint account and various disbursements made for a variety of reasons." *Id.* (citing *Haaland*, 392 N.W.2d 268). The facts of this case are fairly similar to the facts of

6

*Haaland* and distinguishable from the facts of *Griffith*. Thus, we conclude that Lynn's argument to the district court is not supported by the relevant caselaw.

In the memorandum that Christopher submitted to the district court, he relied on the well-established caselaw requiring non-marital assets to be segregated or to be traced to another asset. The district court erred by not relying on the cases cited by Christopher and the similar cases we have cited above, *Haaland*, *Rudbeck*, and *Linderman*. That body of caselaw compels the conclusion that all of the funds in the Wells Fargo accounts are marital property and should be divided equitably. Therefore, we reverse the district court's award to Lynn of some of the funds in the Wells Fargo accounts as non-marital property, and we remand for entry of an amended judgment and decree. *See Griffith*, 415 N.W.2d at 766.

**Reversed and remanded.**