In re the Marriage of: Dewight K. RECK, Petitioner, Appellant,

v.

Diane M. RECK, Respondent.

No. C8–83–1282.

Court of Appeals of Minnesota.

April 10, 1984.

Richard J. Gabriel, St. Paul, for appellant.

Bjorn J. Ulstad, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER, and LANSING, JJ., without oral argument.

## OPINION

PARKER, Judge.

Appellant Dewight Reck appeals from the Judgment and Decree entered and filed on July 3, 1983, in a marital dissolution action.

Appellant asserts that the trial court abused its discretion in the following three ways: the trial court refused to forgive arrearages in temporary child support; the court awarded permanent child support at $300 per month; and the court awarded a "disproportionate" property division. We affirm.

## FACTS

One child was born of the 17-year marriage of Dewight and Diane Reck. In December of 1981, appellant-husband petitioned for dissolution of the marriage and, by order dated March 31, 1982, appellant was required to pay respondent $300 per month for temporary child support.

Appellant failed to pay child support and, as a result, judgments were entered against him totalling $2,650. Further arrearages accrued to the date of trial in the amount of $2,550.

At the time of the dissolution hearing, respondent wife and the child were receiving AFDC assistance from the Ramsey County Welfare Department in the amount of $393 as the base grant, $81 in food stamps, plus medical and dental benefits. The respondent was also receiving $130 per month as room and board income from a tenant living in the house.

The trial court found that respondent suffers physical disabilities affecting her ability to be employed, requiring medical care and treatment, and giving rise to the expense of prescription drugs.

The child of the marriage was, at the date of the hearing, 16 years old and a victim of cerebral palsy. Her medical expenses were being paid by Medical Assistance.

Appellant had been employed by American Hoist & Derrick until approximately April 30, 1982. Since then he had received unemployment benefits and, at the time of trial, his unemployment benefits were $354 every two weeks, less $56 as an adjustment for his U.S. Navy pay. His U.S. Navy pay was $139 per month, less $33 withheld pursuant to the order for wage withholding issued in the dissolution hearing on April 28, 1982. Since the commencement of the dissolution proceeding, appellant attended the Minnesota Beauty College intending to become a cosmetologist.

In the Judgment and Decree, the trial court ordered appellant to pay $300 per month as child support. The court also specifically refused to forgive the arrearages in child support which had already accrued.

The major asset of the parties, the value of their homestead, was awarded 70 percent to the respondent and 30 percent to the appellant. Each was awarded one-half of appellant's U.S. Navy Pension Plan. Respondent was awarded 100 percent of the parties' KEOGH Plan and 100 percent of an American Hoist & Derrick Stock Purchase Trust valued at $687 in which appellant claimed no interest. Each party was awarded the motor vehicle(s) in his possession.

## ISSUES

Did the trial court abuse its discretion in:

1. refusing to forgive arrearages in temporary child support payments;

2. awarding permanent child support at $300 per month; and

3. dividing the property?

ANALYSIS

1. *Arrearages.*

At trial, appellant requested the court to modify the temporary child support by decreasing its retroactively to $150 per month. Between the commencement of the dissolution and the filing of the notice of this appeal, appellant had been laid off from his employment and had suffered substantially decreased earnings as a result.

The modification of temporary support orders is governed by Minn.Stat. § 518.64, subd. 1, which provides:

> After an order for maintenance or support money, temporary or permanent, * * * the court may from time to time, on petition of either of the parties * * *, modify the order respecting the amount of maintenance or support money, and the payment of it, and also respecting the appropriation and payment of the principal and income of property held in trust, and may make an order respecting these matters which it might have made in the original proceeding, except as herein otherwise provided.

■ Matters of child support and custody are well within the discretion of the trial court and, in the absence of a clear showing of an abuse of discretion, the decision of the trial court will not be reversed. *Peterson v. Peterson*, 304 Minn. 578, 231 N.W.2d 85 (1975); *Hennessy v. Stelton*, 302 Minn. 550, 224 N.W.2d 926 (1974).

■ Appellant's only argument that the court abused its discretion in not forgiving arrearages was his claim that he had lost income as a result of being laid off. The layoff occurred on May 1, 1982, shortly after the entry of the order for temporary support. Although the record supports the allegation of reduced income, it does not indicate an inability to pay child support. To forgive arrearages under such circumstances is to encourage noncompliance. The judgments totalling $2,650 are res judicata, not having been appealed.

2. *Child Support.*

■ Appellant argues that the trial court abused its discretion in ordering $300 per month child support where appellant's income totals $806 per month.

Minn.Stat. § 518.17, subd. 4, governs child support and states:

> The court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> (a) The financial resources and needs of the child;
>
> (b) The financial resources and needs of the custodial parent;
>
> (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
>
> (d) The physical and emotional condition of the child, and his educational needs; and
>
> (e) The financial resources and needs of the noncustodial parent.

Appellant's argument is based solely on his reduced income; he does not address the other four required statutory elements used in determining child support. Additionally, the testimony at trial supports respondent's claim that appellant had $300 of spendable income after payment of his living expenses.

The record adequately supports respondent's claims that she is unable to support herself and her daughter and that their financial needs are substantial because of medical expenses.

3. *Property Distribution.*

Appellant claims that, because he was awarded less than one half the value of the property, the trial court abused its discretion in the property award.

Marital property division is governed by Minn.Stat. § 518.58, which directs the court to consider "all relevant factors" including the health, employability and needs of the

parties. Such consideration was made by the trial court.

■ In dissolution actions, the trial court is accorded broad discretion in dividing property and its decision will not be overturned on appeal except for a clear abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606 (Minn.1977); *Gulbranson v. Gulbranson,* 343 N.W.2d 715, at 716 (Minn. Ct.App.1984). The distribution of property in this case is not a clear abuse of the trial court's discretion.

## DECISION

Under the facts of this case, the judgment of the trial court distributing the property, setting child support payments and declining to forgive past arrearages in temporary child support was not an abuse of discretion and we accordingly affirm.

Affirmed.