**Debora L. LETOURNEAU, Appellant,**

v.

**David C. LETOURNEAU, Respondent.**

**No. C3–83–1710.**

Court of Appeals of Minnesota.

July 3, 1984.

Dennis D. Daly, Jr., and Dennis L. Smith, St. Paul, for appellant.

Thomas W. Newcome, Newcome, Wallace & Newcome, P.A., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Debora Letourneau appeals from a child support order entered against her former husband, David Letourneau, in Ramsey County Family Court. She contends that the trial court erred in considering her income as a factor sufficient to deviate from the child support payment guidelines contained in Minn.Stat. §§ 518.17(5), 518.551(5) (Supp.1983). In addition, she contends that the trial court erred in computing David Letourneau's income under the formula specified by these guidelines. We reverse in part and remand.

## FACTS

The marriage of Debora and David Letourneau was dissolved on September 28, 1983 in Ramsey County Family Court. The parties have one son, Mark, who was three years old at the time of the dissolution.

Appellant was granted custody of Mark and respondent was ordered to pay $300.00 per month for child support. The trial

## 478

court found that Debora Letourneau earns a net monthly salary of approximately $1,182.50 and that David Letourneau earns a net monthly salary of approximately $1,504.00. In addition, the trial court received evidence that the Debora's monthly expenses are $1,525.64 and David's monthly expenses ranged from $1,334.14 to $2,237.76 over a four month period.

Under the child support payment guidelines, the amount of child support is determined by reference to the income of the non-custodial parent. Minn.Stat. §§ 518.-17(5), 518.551(5) (Supp.1983). Had the trial court computed the amount of child support under the guidelines using a net monthly income figure of $1,719.22, it would have arrived at a child support award of $430.00 per month rather than $300.00 per month.

The trial judge suggested that the guidelines do not necessarily apply when both parties have an income because the guideline amounts were originally developed for use in public assistance cases. In so stating, he referred to a notice published by Ramsey County Court which states in pertinent part:

Chapter 308 of Minnesota Statute 1983, also known as Senate File 545, established child support payment guidelines for all orders issued on and after August 1, 1983. This is to notify you that the following policy with regard to this legislation will be followed in Ramsey County:

1. The guidelines will be strictly followed in setting child support at temporary and final hearings, with the following exception:

a. Where both the obligor and the obligee receive income, both incomes will be considered and, where deviation from the guidelines is deemed appropriate, express findings in accordance with the statute will be made.

### ISSUE

1. Did the trial court err in deviating from the child support guidelines in Minn. Stat. §§ 518.17(5), 518.551(5) (Supp.1983) based on the fact that the custodial parent earns an income?

### ANALYSIS

Factors to be considered in setting child support amounts are the financial resources and needs of the child and both parents; the standard of living the child would have enjoyed had the marriage not been dissolved and the physical, emotional, and educational needs of the child. Minn. Stat. § 518.17(4) (Supp.1983). In addition, as of August, 1983, courts are prohibited from ordering non-custodial parents to pay support in an amount below the child support guideline figures contained in Minn. Stat. § 518.551(5) "unless the court makes express findings of fact as to the reason for the lower order." Minn.Stat. § 518.-17(5) (Supp.1983).

Although the trial court did not explain how it arrived at $300.00 per month, it appears that the amount of child support was determined by subtracting the appellant's expenses from her income and then ordering respondent to pay the difference. The statute does not allow this approach.

The child support payment guidelines and the factors listed in Minn.Stat. § 518.17(4) (Supp.1983) clearly reflect a legislative determination that children are entitled to benefit from the income of the non-custodial parent and to enjoy the standard of living that they would have had if the marriage had not been dissolved. Conversely, the Legislature determined that the non-custodial parent has an obligation to commit a certain amount of income to his/her children as a priority over other expenses.

There is no reason to believe that the factors listed in Minn.Stat. § 518.17(4) (Supp.1983), including the needs of the child or the needs and resources of either parent, cannot be used to justify deviation from the guidelines. This does not mean, however, that appellant is required to commit all her income to her needs and the needs of the parties' child while the respondent is required to account only for the

deficiency irrespective of his income. This approach undercuts the obligation of the non-custodial parent as reflected in the guidelines. A child should not be precluded from benefitting from the income of both parents, nor should the custodial parent be precluded from accruing any savings simply because her income minus her expenses results in a lower figure than the figure recommended by the guidelines.

■ Trial courts must make express findings of fact for any deviation in order for a reviewing court to insure that deviation from the guidelines was necessary in a particular case.

■ The calculation of net monthly income usually involves questions of fact for the trial court. However, "[w]hen the trial court relies solely on documentary evidence, a reviewing court accords no deference to the trial court's assessment of the meaning of that evidence." *Maher v. All Nation Insurance Co.*, 340 N.W.2d 675, 678 (Minn.App.1983) (citing *Ploog v. Ogilvie*, 309 N.W.2d 49, 53 (Minn.1981)). The evidence concerning net monthly income in this case was completely documentary and consisted of Exhibit 13, respondent's two week pay check of $1,405 and a listing of his tax, union dues, and retirement deductions prepared by a work supervisor. Based on these figures and one tax exemption, the respondent's net monthly income is $1,719.22 computed by multiplying the two week figures by 2.16 to arrive at a monthly amount. State and Federal taxes, railroad retirement fund and union dues are all allowable deductions from gross pursuant to Minn.Stat. § 518.551(5) (Supp. 1983). We arrive at the following monthly figures for respondent's income:

| Gross monthly | | $2,934.80 |
|---|---|---|
| Taxes | $907.59 | |
| Union Dues | 56.59 | |
| Railroad retirement | 251.40 | |
| | | 1,215.58 |
| NET | | 1,719.22 × 25% = $430.00 |

There is no basis in the court's written findings and none in the record before us to deviate from this amount.

## DECISION

We remand this case to the trial court with instructions to enter monthly child support in the amount of $430.00. Appellant is entitled to $400.00 attorneys fees from respondent in connection with this appeal.

Reversed in part and remanded for entry of proper child support pursuant to guidelines.