**Joan Marie PACKER and Ramsey County, Appellants,**

v.

**Richard Harry HOLM, Respondent,**

**No. CX–84–1777.**

Court of Appeals of Minnesota.

April 2, 1985.

Tom Foley, Ramsey County Atty., David E. Miller, Asst. County Atty., St. Paul, for appellants.

Ann C. Schultz, Wayzata, for respondent.

Considered and decided by POPOVICH, C.J., WOZNIAK and SEDGWICK, JJ., with oral argument waived.

### OPINION

POPOVICH, Chief Judge.

This is an appeal of a support order made in connection with a judgment of paternity pursuant to Minn.Stat. § 257.66, subd. 3 (Supp.1983). Appellant claims the trial court abused its discretion in awarding child support. We affirm.

## FACTS

On March 15, 1984, respondent admitted paternity of the child born to appellant Packer on September 19, 1981 by a declaration of parentage.

On May 16, 1984, a Ramsey County referee recommended respondent pay Packer $125.00 per month for child support. This recommendation was confirmed by the district court, family court division, on May 18, 1984. Respondent had a net monthly income of $1,350.00 and was paying $300.00 per month for the support of his child from a prior marriage.

The district court awarded monthly child support of $125.00. Appellant requested review of the May 18, 1984 order. The order was confirmed on September 6, 1984 and the mother and the County appealed.

## ISSUE

Did the district court abuse its discretion in the amount awarded as child support?

## ANALYSIS

The matter of child support is within the discretion of the trial court. Unless there is a clear showing of abuse of discretion, the trial court's decision will not be reversed. *Reck v. Reck,* 346 N.W.2d 675, 677 (Minn.Ct.App.1984) (citing *Peterson v. Peterson,* 304 Minn. 578, 231 N.W.2d 85 (1975); *Hennessy v. Stelton,* 302 Minn. 550, 224 N.W.2d 926 (1974)).

The child support guidelines, Minn.Stat. § 518.551, subd. 5 (Supp.1983), normally apply to all child support cases. *See Halper v. Halper,* 348 N.W.2d 360, 363 (Minn. Ct.App.1984); Minn.Stat. § 518.17, subd. 5 (Supp.1983); Minn.Stat. § 257.66, subd. 3 (Supp.1983). Minn.Stat. § 518.551, subd. 5(c) specifically provides that previous support orders may be considered if the obligator is paying them.

The district court determined $125.00 as the amount of child support appellant was entitled to receive and considered respondent's pre-existing support obligation from the prescribed guideline amount for two children at respondent's income level. Where the father is supporting children in two different households, the guidelines cannot be rigidly applied. Thus, departure by the trial court was justifiable under these circumstances. The trial court did not abuse its discretion in determining the amount of child support.

## DECISION

The district court's order of September 6, 1984, requiring respondent to pay $125.00 per month for child support is affirmed.

Affirmed.