**In re the Marriage of Adeline BLACK, f.k.a. Adeline Bitker, petitioner, Appellant,**

v.

**Clifton BITKER, Respondent.**

No. C8–84–2006.

Court of Appeals of Minnesota.

May 21, 1985.

---

James E. O'Gorman, Ada, for appellant.

Jay R. Petterson, Bemidji, for respondent.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Adeline Black appeals from an amended judgment and decree granting her an increase in child support from $100 per child to $150 per child effective July 1, 1984. Black claims the trial court erred when it departed downward from the support guidelines, that respondent Clifton Bitker's income is actually $1,936 per month rather than $1,500 and that child support should not have been suspended during the period of summer visitation. We affirm.

## FACTS

Black and Bitker were divorced on December 8, 1976. The parties have two minor children. Child support was set at $100 per month per child by stipulation of the parties.

At the time of their dissolution, Bitker was earning approximately $700.00 per month. In 1983, the trial court found that Bitker's income increased to approximately $1,936 per month but decreased to approximately $1,500 per month in 1984. Bitker's wife Sylvia earns approximately $12,000 per year. The trial court also found that Bitker is presently investing in his business and his cash flow is limited.

Black's husband is involved in a Norman County farming operation. At the time of the dissolution, Black was earning $421.48 per month at the First National Bank in Crookston. Her present monthly income is zero.

The trial court concluded there has been a substantial change of circumstances and a substantial cost of living increase since 1976. The court also found that the needs of the children are presently being met. Accordingly, the trial court concluded that it would be in the best interest of the children to increase the amount of child support to $150 per month per child effective July 1, 1984. The increase, less adjustment for visitation time in the summer, is to be payable in a lump sum on September 1, 1985, and bi-weekly thereafter.

The trial court departed downward from the child support guidelines, giving the following reasons:

1. That Bitker is investing in business and his cash flow is presently limited.

2. That the needs of the children are presently being met.

3. That Bitker should not be deterred from increasing his lot in life which ultimately may be for the benefit of the children.

Using the net income figure of $1,500, child support would have been $450 per month (total) under the guidelines.

## ISSUES

1. Do the support guidelines apply to a modification of a decree issued prior to the effective date of the guidelines?

2. Was there a substantial change in circumstances since the parties' dissolution in 1976 which would justify an increase in the support obligation?

3. Did the trial court err when it determined Bitker's monthly income was $1,500?

4. Did the trial court err when it departed downward from the guidelines?

5. Was the support obligation properly suspended during the periods of summer visitation?

## ANALYSIS

### I

■ Bitker argues the support guidelines should not be applied retroactively to a judgment and decree issued in 1976. We have already held they can in modification proceedings such as this. *See Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct. App.1984). The trial court did not err.

### II

■ Bitker contends the trial court erred when it concluded an increase in child support was warranted. Minn.Stat. § 518.64, subd. 2 (1984) provides that only "one or more" of the listed factors need be shown prior to modifying the terms of a judgment and decree so long as one or more of the factors makes the terms "unreasonable and unfair." In this case there were two factors proven: (1) a substantial increase in Bitker's earnings and (2) a substantial increase in the cost of living of Black and her two children. An increase was clearly justified.

### III

■ Black claims the trial court erred when it found Bitker's monthly income was $1,500 per month rather than $1,936 per month. Bitker's income in 1983 was $1,936 per month. Bitker's projected income for the first five months of 1984 was $8,981.99 or an average monthly income of approximately $1,796.40. In an affidavit executed on July 14, 1984, Bitker declared that his net monthly income was $1,896.43. Using the figure of $1,936, child support would have been $580 per month (total). Under the terms of the amended judgment, however, Black was only awarded $300 per month (total), an increase of only $100 per month.

We believe the trial court erred when it concluded that Bitker's net monthly income is only $1,500, but the error is not significant if the court was justified in departing downward from the guidelines and setting child support at $300 per month.

### IV

■ Black argues the departure was not justified. Here, the trial court departed downward because Bitker's cash flow is presently limited as a result of investing in business, the needs of the children are presently being met, and the court felt that Bitker should not be deterred from increasing his lot in life which ultimately may be for the benefit of the children. "Factors to be considered in determining whether to deviate from the guidelines include those factors which relate to the needs of the children and the financial conditions of the parents." *Berlin v. Berlin,* 360 N.W.2d 452, 454 (Minn.Ct.App.1985).

The factors listed and considered by the trial court do suggest that the trial court considered the financial condition of the father and, more importantly, the financial needs of the children. The trial court did not clearly abuse its discretion in departing downward.

### V

■ Last, Black claims the trial court should not have suspended Bitker's support obligation during the six weeks in the summer when he has the children.

When the children are with Bitker, Black will not have to pay for food, clothing, entertainment, etc. Bitker, on the other hand, will incur expenses for food, entertainment, and transportation. The trial court did not abuse its discretion.

## DECISION

Affirmed.