**In re the Marriage of Tasa Renee BREDESON, nka Tasa Renee Deden, Petitioner, Respondent,**

v.

**Lynn Lowell BREDESON, Appellant.**

**No. C9–85–890.**

Court of Appeals of Minnesota.

Jan. 28, 1986.

Ruth Ann McCaleb, Walters & McCaleb, Rochester, for respondent.

A.M. Keith, Dunlap, Keith, Finseth Berndt & Sandberg, P.A., Rochester, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

FOLEY, Judge.

Lynn Bredeson appeals from an amended judgment increasing his child support obligation for Amanda Bredeson. Appellant claims the trial court erred (1) in failing to deviate downward from the guidelines since he has three children; (2) in failing to deduct or make some allowance for his job relocation and visitation expenses; and (3) in failing to make findings regarding the child's needs, appellant's needs and the incomes of respondent and her husband. We reverse and remand.

## FACTS

Respondent has been receiving $115 per month as support for Amanda (born 1/30/76), since the dissolution of the parties' marriage. In November 1984, respondent moved for an increase in support, asserting changes in circumstances including a decrease in her income and an increase in appellant's income.[1]

Respondent lives in Rochester with her husband, their infant daughter and Amanda. Although respondent works part-time, no information was provided on her income or that of her husband. Their monthly budget is $1,724.58, including $304 per month for debt repayment.

Appellant currently lives in Yuma, Arizona with his wife, and their newborn child. He works in the construction field as an instrumentation engineer. His net monthly income, after taxes and health insurance is $2,101.82. Appellant incurred moving expenses of $6,960 in relocating to Arizona from North Dakota, the site of his last project. Appellant pays $165 per month in maintenance and $250 per month in support for his second wife and child. His current family budget is $1,690.17 per month, including support for Amanda. Adding his maintenance and support to his second wife brings his budget to $2,105 per month. His budget does not include any amount for repayment of debt incurred for relocating.

Following a hearing and letter arguments, the trial court calculated a support award of $422 per month for Amanda by subtracting appellant's support and maintenance payments from his net monthly income ($2101.82 − $415 = $1686.82), then multiplying this result by a guidelines factor of .25.

## ISSUE

Are the trial court findings inadequate to support its modification of support to the guidelines level since it made no findings

---

1. We note a long delay from the date the motion was heard (November 1984) and the date the order was issued (March 1985). In some respects this was due to the late filing of a brief by respondent's counsel. The trial court and trial counsel are urged to give a higher priority to family law matters, moving with greater dispatch in resolving the issues raised.

as to the income of respondent and her husband, the child's needs, and the needs of appellant?

## ANALYSIS

Minn.Stat. § 518.64, subd. 2 (1984) governs the modification of child support:

> **Modification.** The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.-87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any * * *.

Appellant admits his earnings have increased and that support for Amanda should be increased. He argues, however, that the trial court applied the guidelines in a technical fashion which ignored the circumstances of each party. Appellant notes that his own needs have substantially increased since he now has three children to support, that he has incurred significant relocation expenses, and that visitation is costly. In addition, appellant asserts that his former wife's earnings have declined because she voluntarily reduced her working hours following the birth of her second child and that the court failed to consider her spouse's income when it modified support.

■ In setting support the trial court is required to "take into consideration the needs of the children and the financial circumstances of each party's spouse, if any." Minn.Stat. § 518.64, subd. 2. This court, in *Derence v. Derence,* 363 N.W.2d 86 (Minn. Ct.App.1985), explained the findings required:

> The trial court, after considering all statutory factors may still conclude its original order appropriate, but *findings must be made on: (1) present net income of each party and each spouse; (2) needs of the children; and (3) whether the changes in these areas since the time of the dissolution made the original order unfair.* Only after these findings are made are child support guidelines then to be addressed.

*Id.* at 89 (emphasis supplied). In *Derence,* as here, the trial court noted that the obligor's income had increased substantially, but no findings were made as to the income of the spouse of the custodial parent. This court remanded *Derence* for "additional testimony and findings to enable meaningful review * * *." *Id. See also Giencke v. Haglund,* 364 N.W.2d 433 (Minn.Ct.App. 1985) (increase in income of custodial parent and her spouse is an important factor in setting support).

Here, as in *Derence,* we must remand so the trial court may take additional testimony and make findings which enable meaningful review. The trial court should make findings on the income of respondent and her spouse, on Amanda's needs, and on whether the changes make the original decree unfair.

■ Appellant also argues the trial court should make some allowance for his relocation and visitation expenses. Appellant notes that it was in the best interests of his children that he incur debt to relocate to his current work site. Appellant states that his line of work is highly specialized within the construction field, necessitating frequent moves to maintain employment. He asserts that his salary is inflated because of the indefinite terms of the jobs and the high costs of relocating to new work sites. Therefore, he claims the trial court should deduct relocation expenses (a nonreimbursed business expense) from his net income or deviate downward from the guidelines in setting support.

This court has recognized that downward deviation from the guidelines can be appropriate where the obligor makes a business decision that ultimately may be for the

benefit of the children, and the needs of the children are presently being met. *Black v. Bitker*, 368 N.W.2d 302, 304 (Minn.Ct.App. 1985).

The trial court made no allowance for visitation expenses. Appellant currently lives in Arizona and Amanda in Minnesota. Appellant states that the quadrupling of his support obligation would prohibit any visitation attempts which would not be in the best interests of the child. In *Auge v. Auge*, 334 N.W.2d 393, 400 (Minn.1983), the supreme court indicated that support may be adjusted to provide for the expenses of visitation. *See also Potocnik v. Potocnik*, 361 N.W.2d 414 (Minn.Ct.App.1985) (court departed downward from guidelines to allow father working in Florida to visit child and to provide for school loan repayments).

Appellant also asserts that the trial court erred in failing to take into account his current family situation; he is remarried and has a newborn child. However, appellant also admits that he was well aware of his prior obligation when he assumed subsequent family responsibilities. *See* Minn. Unif.R.P.Fam.Ct.Dissol. Matters 5.06(d); *Weinand v. Weinand*, 286 Minn. 303, 307, 175 N.W.2d 506, 509 (1970).

Appellant contends that the appropriate computation under the guidelines would be to multiply the guidelines' percentage factor for three children by the amount of his net income (.35 × $2102 = $735.64), then divide this amount by three ($735.64 ÷ 3 = $245.21) to determine support for each child. The guidelines do not specify the method to be used where the three dependent children each live in separate households. We are reluctant to impose an automatic application. The determination should depend on the facts in each case. The proposed calculation may be appropriate in some fact situations and work an unfairness in others. In the present case, the facts are insufficient for this court to resolve the issue.

Minn.Stat. § 518.17, subd. 4 (1984), directs a trial court to consider "the financial resources and needs of the noncustodial parent," as well as those of the custodial parent. At the remand hearing the trial court should make the findings as required by statute under the evidence presented.

## DECISION

The trial court's findings are inadequate to support its modification of support because the trial court failed to make findings as to the needs of the child, the income of respondent and her husband, and the needs of appellant. In addition, the trial court should consider whether support below the guidelines amount is appropriate here based on the above findings, on appellant's relocation expenses to maintain employment, and on his visitation expenses.

Reversed and remanded.