Deborah Vail PITKIN, Appellant,

v.

John Arthur GROSS, Respondent.

No. C5–85–2040.

Court of Appeals of Minnesota.

April 15, 1986.

J. Peter Wolf, Eugene E. Weyer, St. Paul, for appellant.

Stephen A. Bard, Minneapolis, for respondent.

Heard, considered and decided en banc by POPOVICH, C.J., and WOZNIAK, SEDGWICK, LANSING, HUSPENI, RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Deborah Vail Pitkin, plaintiff in this paternity action, appeals from two trial court orders. The first order affirmed the family

court referee's denial of her request for an award of attorney's fees, on the grounds that there is no provision in the paternity statutes for an award of attorney's fees to private counsel. The second order modified the family court referee's order for permanent child support, reducing the amount of support from $1500 to $900 per month. We reverse and remand.

## FACTS

Appellant and respondent lived together for approximately fifteen months before their daughter, Kimberly Jean Gross, was born on September 1, 1984. The parties lived together for about two months after Kimberly's birth. Appellant then moved into her parents' home with Kimberly.

The parties attempted to resolve the issues of custody, child support, and attorney's fees, but were unable to do so. Appellant retained private counsel and brought this action for determination of parentage in March 1985.

The case was heard before a family court referee in June of 1985. The referee approved the parties' stipulations as to paternity, custody, and visitation. The referee held that there was no statutory authority for an award of attorney's fees where the plaintiff had retained private counsel. The referee set child support at $1500 per month, the amount provided by the child support guidelines for a net income in excess of $6000.

Respondent sought review of the referee's order for child support. Appellant subsequently sought review of the referee's order denying her request for attorney's fees.

The trial court modified the support order by reducing the monthly payments from $1500 to $900 and affirmed the referee's holding that there was no authority for an award of attorney's fees. Appellant challenges both decisions of the trial court.

## ISSUES

1. Did the trial court furnish valid reasons for departure below child support guidelines?

2. Did the trial court have authority to award attorney's fees to appellant?

3. Is appellant entitled to her attorney's fees for this appeal?

## ANALYSIS

1. The statutory child support guidelines apply in parentage actions. *Lee v. Ystebo*, 353 N.W.2d 264, 265 (Minn.Ct.App. 1984). *See* Minn.Stat. § 518.551, subd. 5 (1984) (guidelines); Minn.Stat. § 257.66, subd. 3 (1984) (determinations under parentage act to be in accordance with marriage dissolution statutes, Minn.Stat. chapter 518).

In the absence of a clear showing that the trial court abused its discretion, a determination of child support will not be reversed. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Apr. 25, 1984). However, the trial court is prohibited from setting support in an amount less than indicated by statutory guidelines, "unless the court makes express findings of fact as to the reason for the lower order." Minn.Stat. § 518.17, subd. 5 (1984). *See Letourneau v. Letourneau*, 350 N.W.2d 476, 478 (Minn. Ct.App.1984).

Respondent's monthly net income is approximately $12,000. The support guidelines provide that, if the obligor's monthly income is $6001 or more, the support obligation shall be the same dollar amounts as provided for in the guidelines for an obligor with a monthly income of $6000. Respondent's support obligation for one child would be 25% of $6000, or $1500 per month. This was the amount of support originally determined by the family court referee.

The trial court, however, departed from the guidelines and reduced the referee's award to $900 per month. The court gave three reasons for this departure: first, that respondent was already paying support for two other children of a previous marriage; second, that an eleven-month-old child does not need $1500 per month in child support

no matter what his father earns; and third, that "[t]he courts should not concern themselves with the needs of the mother of an illegitimate child in the same way they would had the mother been married to the father." The trial court's departure from the guidelines contradicts the controlling statutes and must be corrected.

■ (a) The trial court's first rationale for a $600 departure is that respondent has a previous support obligation. The guidelines provide that "[p]revious support orders and maintenance orders may be considered if the obligor is paying them." Minn.Stat. § 518.551, subd. 5(c) (1984). We have held that the trial court acted within its discretion when it evidently referred to the guideline figure for the total number of children the obligor was supporting and subtracted the approximate amount of the prior order to determine the new support amount. *See Packer v. Holm*, 364 N.W.2d 506, 507 (Minn.Ct.App.1985).[1]

Here, the trial court relied on *Packer* as authority in support of its departure and used the approach taken by the trial court in that case. Rather than calculating the maximum support for one child, the court calculated the support for three ($2100, 35 percent of $6000), subtracted respondent's previous support obligation ($1200), and determined that Kimberly was entitled to the remainder. The trial court's reliance on *Packer* was inappropriate in the circumstances here.

The trial court may consider previous support awards the obligor is paying. Minn.Stat. § 518.551, subd. 5(c). This consideration, however, is germane only to the obligor's ability and duty to make payments. Here, the trial court made no findings of fact regarding the obligor's limited ability to pay, nor is there any evidence in the record that the obligor will be unable to meet his support obligations. To the contrary, the evidence indicates that the obligor has income greatly in excess of his previous support obligations and his own reasonable and necessary expenses.

In *Packer*, the obligor's resources were at issue. The obligor in that case earned $1350 per month and faced burdensome support obligations. In those circumstances, this court affirmed that the trial court's apparent decision to consider the percentage of the obligor's income that would be set aside if all of his children were counted together in applying the guidelines. *Packer* is not authority permitting the same approach where the obligor's means are unlimited.

■ The guideline statutes provide:

Guidelines for support for an obligor with a monthly income of $6001 or more shall be the same dollar amounts as provided for in the guidelines for an obligor with a monthly income of $6000.

Minn.Stat. § 518.551, subd. 5. The trial court concluded that disregard of appellant's prior support obligation takes improper account of his income in excess of $6000. We disagree. The statute prohibits determining that a percentage of this income be paid as support, but it does not preclude recognition of this income as a resource available for the obligor's special needs.

■ (b) The trial court's second rationale for a $600 departure is that

[i]t does not require too fertile an imagination to realize that a child who is eleven months old does not require $1,500 per month for support regardless of what its father earns.

This observation of the trial court is explained in part by its further comments on the needs of the child's mother:

The stay-at-home mother referred to in paragraph 6 of the referee's findings is an anachronism. Virtually no one, married or single, presently stays at home following the birth of a child, and that reference in the findings suggests that the referee was not only considering the needs of the child in this case, but the financial needs of the mother as well.

---

1. We did not establish a formula in *Packer* to be applied whenever there is a previous support obligation. *See Bredeson v. Bredeson*, 380 N.W.2d 575, 578 (Minn.Ct.App.1986).

Thus, not only was the setting of support excessive under the principle enunciated in *Packer v. Holm, supra,* but grossly excessive when viewed solely from the standpoint of the needs of an eleven month old child.

The child support guidelines promulgated by the legislature take into consideration the financial needs of the child. Minn.Stat. § 518.551, subd. 5. *See Hoppenrath v. Cullen,* 383 N.W.2d 394 (Minn.Ct.App. 1986). The custodial parent's needs are a relevant factor in determining child support. Minn.Stat. § 518.17, subd. 4(b) (1984). Neither statutes nor appellate decisions suggest as a matter of law that a parent may not reasonably choose to forego employment in order to care for a young child.

When considering departure, the needs of the child and the custodial parent are among factors the trial court should address. Minn.Stat. § 518.17, subds. 4, 5; *Linderman v. Linderman,* 364 N.W.2d 872, 875 (Minn.Ct.App.1985). Here, however, the trial court made no findings regarding the particular needs of Kimberly Gross or her mother. The evidence indicates that the mother and child would have monthly resources of $1285 per month under the support award ordered by the district court. Appellant's affidavits recite monthly expenses of $2715 for her and the child. Their needs would be still greater if she were to sacrifice some employment opportunities in order to care for the child at home.

The trial court's disregard for the guidelines is tantamount to a judicial objection to the amount set for support of a child where the obligor's income is high. A court may not substitute its opinion for the expressed intent of the legislature.

The trial court stated that a child born out of wedlock is not entitled to share in the standard of living of the obligor. We have recently held to the contrary. *See*

*Thompson v. Newman,* 383 N.W.2d 713 (Minn.Ct.App.1986).[2] The parentage law provides that child support in parentage cases is to be determined in accordance with chapter 518, the dissolution statute. *See* Minn.Stat. § 257.66, subd. 3 (1984). One factor to be considered when determining a support award is "[t]he standard of living the child would have enjoyed had the marriage not been dissolved." Minn.Stat. § 518.17, subd. 4(c). The guidelines and section 518.17, subd. 4 "clearly reflect a legislative determination that children are entitled to benefit from the income of the non-custodial parent." *Letourneau,* 350 N.W.2d at 478.

■ (c) The trial court's third rationale for a $600 departure from the guidelines is that:

> The courts should not concern themselves with the needs of the mother of an illegitimate child in the same way they would had the mother been married to the father, because there is not the same physical and emotional loss to the child or to the marriage partner as there is in the marriage dissolution setting. In these days of equality between the sexes, and the universal use of "the pill", a woman's voluntary decision to conceive and bear a child out of wedlock cannot be viewed in the same way as the situation where a woman has her marriage dissolved and must cope with the physical and emotional needs of her children where those children are of sufficient age to understand the marriage dissolution.

The trial court's views appear to be generally at odds with the philosophy of the parentage act. Our concern here, however, is confined to a conflict of the opinion with one statutory provision. The assessment of the child's needs in a parentage case should be made in accordance with chapter 518, the dissolution statute. *See* Minn.Stat. § 257.66, subd. 3. The legislature has thus

---

**2.** Under the parentage act the rights and duties associated with a parent and child relationship pertain to all such relationships, "regardless of the marital status of the parents." Minn.Stat. §§ 257.52, 257.53 (1984). Thus, as to the rights and duties of parents and their children, the legislature has determined that there are not illegitimate children in Minnesota.

expressed its intent that all children be treated identically when setting child support.

■ 2. Parentage proceedings are governed by chapter 257 of the Minnesota Statutes. Section 257.69, subd. 1 provides:

In all proceedings under sections 257.-51 to 257.74, any party may be represented by counsel. If the public authority charged by law with support of a child is a party, the county attorney shall represent the public authority. If the child receives public assistance and no conflict of interest exists, the county attorney shall also represent the custodial parent. If a conflict of interest exists, the court shall appoint counsel for the custodial parent at no cost to the parent. If the child does not receive public assistance, the county attorney may represent the custodial parent at the parent's request.

Minn.Stat. § 257.69, subd. 1. Thus, appellant in this case had an option to be represented by the county attorney at no cost to her. She instead elected to retain private counsel.

Appellant argues that there is statutory authority for an award of attorney's fees in this case. *See* Minn.Stat. § 257.66, subd. 3. That statute provides:

The judgment or order shall contain provisions concerning the duty of support, the custody of the child, the name of the child, visitation privileges with the child, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child. Custody and visitation and all subsequent motions related to them shall proceed and be determined under section 257.541. *The remaining matters and all subsequent motions related to them shall proceed and be determined in accordance with chapter 518.*

*Id.* (emphasis added). The court may award attorney's fees in dissolution proceedings. *See* Minn.Stat. § 518.14. Here, the issue of child support was determined in accordance with chapter 518, and fees were awarded as provided by section 518.-14.

Commonly in proceedings under chapter 257, counsel is appointed for a party who is unable to pay for legal services. Chapter 257 does not, however, preclude involvement of retained counsel in a child support dispute resolved under section 518.551 and does not preclude payment of fees of a private attorney under Minn.Stat. § 518.14.

Respondent argues that chapter 257 precludes the award of attorney's fees where private counsel is retained because the statutes provide for the award of certain specific fees and costs in a parentage proceeding, including payment of part of the fees of court-appointed counsel according to the party's ability to pay, but does not specifically provide for an award of fees of private counsel. *See* Minn.Stat. § 257.69, subd. 2.

We disagree. Respondent correctly points out that where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others. *See Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). However, in ascertaining the intent of the legislature, this court must be guided by the presumption that the legislature intends the entire statute to be effective and certain. *See* Minn.Stat. § 645.-17(2) (1984). We believe that this presumption governs in this case.

■ 3. Appellant requests an award of attorney's fees for this appeal. Authority for such an award is provided by section 518.14. The record indicates appellant's financial need. We award appellant $400 in reasonable attorney's fees for this appeal.

**DECISION**

We reverse and remand for an entry of judgment on the child support obligation consistent with the child support guidelines and this opinion.

We remand to the trial court to make findings and award appellant her reasonable attorney's fees. *See* Minn.Stat. § 518.14.

Appellant is awarded $400 in attorney's fees for this appeal.

Reversed and remanded.

POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., dissent in part and concur in part.

POPOVICH, Chief Judge (dissenting in part, concurring in part).

I respectfully dissent in part, concur in part, and would remand for the following reasons:

1. I concur with the majority in its holding that the trial court had discretion to award reasonable attorney's fees to the petitioner in a parentage action where private counsel is retained. The trial court should be reversed and the matter remanded on this issue.

2. I disagree with the majority and would affirm the trial court's setting of child support. The trial court properly applied *Packer v. Holm*, 364 N.W.2d 506 (Minn.Ct.App.1985). In *Packer*, the referee in Ramsey County recommended child support for a child involved in a paternity action after considering the amount the respondent was paying for the support of his child from a prior marriage. The recommendation was confirmed by the Ramsey County district court and we held as follows:

The district court determined $125.00 as the amount of child support appellant was entitled to receive and considered respondent's pre-existing support obligation from the prescribed guideline amount for two children at respondent's income level. Where the father is supporting children in two different households, the guidelines cannot be rigidly applied. Thus, departure by the trial court was justifiable under these circumstances. The trial court did not abuse its discretion in determining the amount of child support.

*Id.* at 507.

Later, in *Bredeson v. Bredeson*, 380 N.W.2d 575 (Minn.Ct.App.1986), we re-versed and remanded for more adequate trial court findings and said:

Appellant contends that the appropriate computation under the guidelines would be to multiply the guidelines' percentage factor for three children by the amount of his net income (.35 × $2102 = $735.64), then divide this amount by three ($735.64 ÷ 3 = $245.21) to determine support for each child. The guidelines do not specify the method to be used where the three dependent children each live in separate households. We are reluctant to impose an automatic application. The determination should depend on the facts in each case. The proposed calculation may be appropriate in some fact situations and work an unfairness in others. In the present case, the facts are insufficient for this court to resolve the issue.

*Id.* at 578.

In this matter, the Ramsey County referee recommended $1500 per month child support. The trial court modified the amount, reducing it to $900 per month, relying on *Packer*, and because the respondent was already paying $1200 per month for the support of the two children from the previous marriage. A trial court may consider previous support awards that the obligor is paying. Minn.Stat. § 518.551, subd. 5(c) (1984). Here, the total amount to be paid for all three children equals the 35% of the maximum $6000 per month provided in the guidelines.

The trial court cited three reasons. In my opinion, the first two reasons given are sufficient findings to affirm. The third reason given is obviously improper in view of *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). Where there is an acceptable basis in fact and principle of an award, however, and it is not inequitable, we should give deference to the trial court and affirm.

In my opinion, the majority opinion unfortunately restricts the application of *Packer* and improperly considers the amount of income and resources of the

respondent over the maximum $6000 per month provided in the guidelines.

While not applicable to this matter, the legislature, by modifying the guidelines and prescribing additional factors that the court may consider, has evidenced a new approach in setting child support by the adoption of S.F. 1732, Minn.Laws 1986 ch. 406, effective August 1, 1986.

RANDALL, Judge.

I concur in Judge POPOVICH's views.

WOZNIAK, Judge.

I concur in Judge POPOVICH's views.