In re the Marriage of Jean L.
VOGT, Petitioner, Respondent,

v.

Jerald C. VOGT, Appellant.

No. CX–86–925.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Robert M.A. Johnson, Anoka County Atty., Thomas G. Haluska, Asst. Anoka Co. Atty., Anoka, for respondent.

Kathryn A. Graves, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is a child support arrearage case. The parties have two children. On Decem-ber 5, 1980, by temporary order, the judge set child support at $90 per week. Appellant paid almost no support under the temporary order. For the duration of the temporary order, respondent received public assistance.

The decree, entered November 30, 1982, set child support at thirty per cent of appellant's net, but with a minimum payment of $200 per month. On the day of the dissolution hearing, appellant moved the court for forgiveness of arrearages arising under the temporary order. The court refused to hear the motion because of the late notice.

On March 17, 1986, the county attorney moved the court to reduce to judgment the arrearages appellant owed to the county. Appellant countermoved for forgiveness of arrearages based on his decreased income during the time. The court granted the county attorney's motion for arrearages, ruling that the issue of arrearages owed was *res judicata* under the language of the decree. It set child support at $500 per month. The court granted appellant's motion for reconsideration and took evidence on his ability to pay support during the period in question. It affirmed its judgment on support and arrearages. Jerald Vogt appeals. We affirm.

## FACTS

The parties were married March 4, 1972. They have two children born October 23, 1975, and October 7, 1977. The parties separated in 1980. At the time of the temporary order, appellant managed J's Restaurant and netted $1200 per month. In January 1981, he lost his job because of chemical dependency. He voluntarily entered a two-month inpatient treatment program. In March 1981, when he completed treatment, he began drawing unemployment compensation, and he received an average of $648 per month until October 1, 1981. He lived with his parents from the time he completed treatment until January 1985.

During March and April 1982, he received extended unemployment benefits of

$648. On May 15, 1982, he borrowed $15,000 from his parents and started Valley Pizza. His 1982 tax returns show his income as $2341. Appellant used his 1981 tax refund of $156.19 to pay child support. He made payments of $200 in October and November 1982.

At the dissolution hearing the court refused to hear appellant's motion for forgiveness of the arrearages which arose under the temporary order. The transcript shows that the court stated "that any arrearage would not merge with this judgment *and that will be dealt with separately.*" (Emphasis added). The decree, entered November 30, 1982, states, "Any arrearages owing on a previous order of the court shall survive the judgment and decree."

On March 17, 1986, the county attorney moved the court to reduce $6,983 of the arrearages to judgment. By affidavit the county attorney indicated that he could not calculate the amount due the county due to lack of verification of appellant's income. He stated that the county had expended $6983 in public assistance. Appellant countermoved for a retroactive reduction of arrearages based on his decreased income during the duration of the temporary order.

The court issued findings on April 9, 1986, which found that under the decree, "any arrearages owing on a previous Order of this Court shall survive, this matter is *res judicata.*" The court entered judgment in favor of Anoka County for $6626.81, and made other rulings not germane to this appeal.

The court granted appellant's April 15, 1986, motion for reconsideration of the forgiveness of the arrearage issue. After a hearing, the court made the following findings in its May 2, 1986, order:

5. That pursuant to the County of Anoka, State of Minnesota, Order, dated April 9, 1986, this court concluded that as the County of Anoka, State of Minnesota, Judgment, dated November 30, 1982, specifically provided that any arrearages owing on a previous Order of this court shall survive, this matter was *res judicata* and that the respondent was not entitled to a modification of child support arrearages owed pursuant to the County of Anoka, State of Minnesota, Order for Temporary Relief, dated December 5, 1980.

6. That on April 25, 1986, the respondent's motion for reconsideration was granted, and the parties argued their respective positions regarding whether the respondent was entitled to modification or forgiveness of arrearages based on a substantial decrease in income during the period said arrearages arose.

The court concluded that the County was entitled to judgment "as previously ordered." In its order the court stated, "[t]hat the respondent's motion for modification of child support arrearages has been reconsidered and is hereby denied."

The court entered an ancillary judgment for $6626.81 in favor of the County for the period of the temporary order, December 8, 1980, to October 31, 1982.

### ISSUES

1. Is appellant's motion to modify arrearages barred by *res judicata?*

2. Did the court err by refusing to modify the amount of arrearages due?

### ANALYSIS

I.

*Res judicata*

■ At issue are arrearages accrued under the temporary order of December 5, 1980. Appellant argues that the court erred in its April 9, 1986, order by ruling that the arrearage issue is *res judicata.* The court stated:

That as the * * * [j]udgment * * * specifically provided that any arrearages owing on a previous Order of this Court shall survive, this matter is *res judicata,* and that the respondent is not entitled to a modification of child support arrearages owed.

Appellant disputes the court's interpretation of the decree. He argues that the decree allowed him to raise the arrearage issue at a later date and that the court merely refused to rule on the matter because appellant's motion was not timely made. We agree.

*Res judicata* is defined in *Hauser v. Mealey*, 263 N.W.2d 803, 806 (Minn.1978):

> The effect of res judicata on a judgment or final order has at least two distinct and important aspects: (1) merger or bar; and (2) collateral estoppel. The principles of merger and bar operate where a subsequent action or suit is predicated on the same cause of action which has been determined by a judgment, no matter what issues were raised or litigated in the original cause of action. * * * On the other hand, the principle of collateral estoppel operates as to matters which were actually litigated and determined by, and essential to, a previous judgment, irrespective of whether the subsequent action is predicated upon the same or a different cause of action.

The language of the decree and the transcript of the 1982 dissolution hearing clearly indicate that the court intended to leave the arrearage issue open. The court made no judgment to determine the issue. The court expressly stated that the only reason it did not hear motions on the arrearage issue was that appellant's motion was untimely. Because the issue of arrearages was reserved and never litigated, the later trial court hearing the county attorney's 1986 motion erred in finding the issue of arrearages owed was *res judicata*.

However, we hold that the trial court remedied the situation by granting appellant's motion to reconsider the April 9, 1986, order. At the rehearing the court reviewed the evidence and took further testimony on appellant's obligation under the temporary order. The issue and the court concluded that appellant was in arrears, that he was not entitled to a reduction of arrearages, that he had the resources with which to pay support during the time in

question, and that his failure to pay support was willful.

The fact that the court misapplied the doctrine of *res judicata* is not reversible error here, since the court remedied the situation by granting appellant a rehearing.

II.

*Forgiveness of arrearages*

■ Appellant argues that the court abused its discretion by refusing to modify arrearages accrued under the temporary order. He argues that he proved changed circumstances by showing that his income decreased during the period in question and that respondent began receiving public assistance. These changed circumstances, he argues, render the terms of the temporary order unreasonable and unfair. He also argues that because he was unemployed, his failure to pay support was not willful.

The trial court has broad discretion to grant or deny a motion for forgiveness of arrearages and will be reversed only for an abuse of discretion. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984).

Minn.Stat. § 518.64, subd. 2 (1984) governs forgiveness of arrearages and retroactive modification of child support:

> A modification which decreases support * * * may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.

Appellant bears the burden of showing that he did not have assets sufficient to meet his support obligation. *Reck v. Reck*, 346 N.W.2d 675 (Minn.Ct.App.1984). This court noted in *Reck* that

> [a]lthough the record supports the allegation of reduced income, it does not indicate an inability to pay child support. To forgive arrearages under such circumstances is to encourage noncompliance.

*Id.* at 677.

We hold that the court did not err by refusing to forgive arrearages or retroactively reduce child support. The court's

finding that appellant willfully failed to pay support has some support in the record. The parties agree that appellant was unemployed and received unemployment compensation during most of the time in question. He made no attempt to pay any child support during this period, although the evidence indicates that he had some ability to make some payments. He had income during the time he was unemployed, and his expenses were minimal because he lived with his parents. He did not attempt to prove that he was unable to pay support during this period, although, under *Reck* and § 518.64, the burden of proof rests on him. In addition, during the first two months in which he failed to pay support, the evidence indicates that he was fully employed in the position he held when temporary child support was set.

Appellant argues that *Streitz v. Streitz,* 363 N.W.2d 135 (Minn.Ct.App.1985) applies to his case. The appellant in *Streitz* had a nervous breakdown and, on doctor's advice, quit his job at Northwest Airlines. For a year after his breakdown, Streitz was employed intermittently at different jobs. He eventually took a job at greatly reduced pay. Streitz was forced to file bankruptcy during this time. The parties had two unemancipated children and Streitz, who had remarried, had three young children from his new marriage. This court reversed the trial court's findings that Streitz had quit his job for "personal reasons" and that his failure to pay child support was willful.

The difference between appellant's case and *Streitz* is that here appellant failed to make a good faith effort to pay support during the time in question. Appellant does not claim he was medically unable to work. Here the court's determination was based, not on his unemployment, but on the court's finding that appellant failed to prove that he was unable to make support payments. We hold that the trial court did not err by its refusal to forgive arrearages or retroactively modify support.

Appellant also argues that respondent's receipt of public assistance constitutes a changed circumstance which entitles him to a retroactive reduction in support or a forgiveness of arrearages. Respondent's receipt of public assistance was not a factor presented to the trial court. The parties did not order a transcript of the motion hearing and rehearing. In the absence of a transcript, we cannot determine whether the issue was raised at the motion hearing, and we will not consider this argument.

## DECISION

The trial court erred by finding the issue of forgiveness of arrearages was barred by the doctrine of *res judicata.* The court corrected the error by granting appellant's post-trial motion for reconsideration of the issue. The trial court did not err by refusing to forgive arrearages or to retroactively modify child support.

Affirmed.