In re the Marriage of Richard Allan
WOLLSCHLAGER, petitioner,
Respondent,

v.

Debra Lee
WOLLSCHLAGER, Appellant.

No. C8–86–325.

Court of Appeals of Minnesota.

·Oct. 28, 1986.

Kevin L. Holden, St. Cloud, for respondent.

Gerald W. Von Korff, St. Cloud, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Debra Wollschlager challenges the trial court's calculation of child support to be paid by respondent, contending the court improperly considered respondent's prior support obligation. We reverse.

## FACTS

The trial court awarded custody of the parties' three children to appellant Debra Wollschlager and granted visitation to respondent Richard Wollschlager. Public assistance is paid for the benefit of the children.

In determining the amount of support that respondent must provide for the three children, the court noted that respondent has a prior support obligation to two children of a previous marriage. The trial court determined that if it were issuing an original support order for all of respondent's five children, respondent's net monthly income of $950 would result in an award of $380 under the statutory guidelines. The trial court then ordered respondent to pay 3/5 of $380, or $230, as support for the three children involved in the present proceeding.

Following entry of the judgment, appellant brought a motion for amended findings. Because the evidence indicated respondent had not been paying his prior support obligation, appellant argued that child support must be set without regard to the prior order. Appellant asked the court to apply the child support guidelines for three children to respondent's net monthly income of $950, for a support award of $304.

The trial court denied appellant's motion, and she appealed. Respondent contends the trial court had discretion to set the amount of support. He further argues the issue is moot because he is now paying under the previous support order.

## ISSUE

Did the trial court err in its calculation of child support?

## ANALYSIS

■ A trial court's determination on child support matters will not be reversed unless there is a clear showing of abuse of discretion. *Reck v. Reck,* 346 N.W.2d 675, 677 (Minn.Ct.App.1984). Trial courts are required to apply the statutory child support guidelines in all support cases, including public assistance cases. *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986). An award below the amount mandated by the guidelines must be accompanied by express findings as to the reasons for the downward departure. Minn. Stat. § 518.-551, subd. 5(e) (1984).

■ The statute in effect at the time of the dissolution hearing further provided that "[p]revious support orders * * * may be considered if the obligor is paying them." *Id.* subd. 5(c). In applying the statute, this court declined to establish a formula to be applied whenever a prior support obligation was considered. *Pitkin v. Gross,* 385 N.W.2d 367, 369 n. 1 (Minn. Ct.App.1986). Rather, trial courts had discretion to employ various methods of calculating support for some among several children, including the "equal treatment" approach used by the trial court here.[1] Accordingly, had respondent been paying the previous support obligation, the trial court's method of calculating support would have been a proper exercise of its discretion. However, because the evidence indicates that the prior support order was not being paid, we agree with appellant that support in these proceedings should be determined without regard to the earlier obligation.

Since the dissolution hearing the legislature amended the statute and specified a single calculation method to reflect previous support orders that the obligor is paying. Minn. Laws ch. 406, § 4 (1986). The statute now requires a "reduced ability" approach, a guidelines application based on net monthly income reduced by the amount of any previous support orders that are "currently being paid." *Id.* This approach had already been used by some trial courts prior to the statutory amendment.[2]

Under both the prior statute and the amended law, if respondent is not currently

1. Under the "equal treatment" method the trial court uses the guidelines to determine the proper amount of support for all of the obligor's children and divides that amount by the total number of children to discover the portion due each child. The support order is then derived by multiplying the per child amount by the number of children in the pending proceeding. This approach has been found "appropriate in some fact situations and may work on unfairness in others." *Bredeson v. Bredeson,* 380 N.W.2d 575, 578 (Minn.Ct.App.1986) (remanded for additional findings). Also, trial courts previously have had the discretion to use a "leftover" approach. *See Pitkin,* 385 N.W.2d at 369 (citing *Packer v. Holm,* 364 N.W.2d 506, 507 (Minn.Ct. App.1985)). Utilizing this method, the trial

court applies the guidelines to the obligor's entire net monthly income to determine the total amount of support for all of the obligor's children, and then subtracts the amount of the prior order, thereby awarding the balance as support for the children in the pending proceeding. Under a third, or "reduced ability" approach, the trial court applies the guidelines for the number of children involved in the proceedings, but only after reducing the obligor's net monthly income by the amount of the prior support order. This approach was used by the trial court in *Bredeson,* 380 N.W.2d at 576.

2. *See* footnote 1.

paying the prior support order, the prior obligation must be disregarded. Under the amended statute, if respondent is currently paying the prior support, he is entitled to have the amount deducted from his income for determination of his new obligation under the child support guidelines.

Respondent represents that he has begun to make payments under the prior support order. An affidavit submitted by the obligee under the prior order supports respondent's assertion. Such evidence is outside the record and is not subject to review by this court. Relief based on the commencement of payments on the prior obligation must be sought from the trial court.[3]

## DECISION

The trial court judgment on respondent's child support obligation is reversed and modified to provide for monthly payments of $304 per month, effective from the date for payments first stated in the trial court's judgment.

Reversed.

---

3. In the event of modification of a child support obligation, forgiveness of unpaid arrearages may be considered in accordance with provisions of Minn. Stat. § 518.64, subd. 2 (1984). The trial court can also guard against prospective inequities by conditioning the future obligation on nonpayment or payment and indicating the amount of support for months when the condition does not prevail.