In re the Petition of Barbara D. MILLER, Petitioner, Respondent,

v.

Mark F. MICHEL, Appellant.

No. C1–87–127.

Court of Appeals of Minnesota.

July 7, 1987.

Barry K. Meyer, Krass & Monroe, Shakopee, for respondent.

Terry L. Mitchell, Hage & Mitchell, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Mark Michel appeals from an order denying his motion for a new trial on the ground of irregularity in the proceedings of the court. We affirm.

## FACTS

Appellant Mark Michel and respondent Barbara Miller conceived a child who was born in November 1985. The prior spring, when Miller told Michel that she was pregnant, Michel made an appointment with then-attorney G., admitted that he had impregnated Miller, and said he would probably end up paying child support, but didn't think they would marry. Michel testified that attorney G. advised him not to admit paternity until the blood test came back, suggested a counselor in Chaska if Michel wanted to work things out, and asked Michel if Miller's parents could help her financially. Michel also testified, "And then I asked him what the child support guidelines were and he said they usually go 25% of your income for one child. That was about all that took place there." He added only that attorney G. also advised him not to get married solely on the basis of the pregnancy, because he would just end up in divorce court. Michel did not retain or speak again to attorney G.; no fees were paid.

Later that spring, after Miller asked him to admit paternity, Michel met with attorney G.'s partner, attorney O. According to Michel's testimony, attorney O. advised him not to admit paternity until the blood test came back and quoted a fee. Michel thought it over for a few days and called attorney O. back to say he would hire him, but attorney O. had reconsidered and quoted him a higher fee. Michel did not retain or consult again with attorney O. In October 1985 attorney G. was appointed to the bench.

In November 1985, after the baby was born, Miller brought a paternity action against Michel. Michel consulted with a third attorney, whom he retained. Eventually, that attorney was replaced by a fourth, who represented Michel at trial.

The trial took place nearly a year later, on September 10, 1986. Because Michel had already admitted paternity, only financial issues were tried. Judge G. (formerly attorney G.) presided. The record contains

no evidence of whether he recognized Michel as the man who had consulted with him approximately a year and a half earlier. Michel testified that he recognized Judge G. at trial, but didn't say anything to his attorney because he "didn't know it mattered."

Judge G. ordered Michel to pay child support of $500 per month; child support arrearages of $4,210; and an additional $3,481.45, representing all of the costs of Miller's pregnancy and confinement as well as ¾ of her attorney's fees.

Michel then hired yet another attorney and moved for a new trial, alleging several errors of law. He filed an amended motion for a new trial on the ground that Judge G. had violated Canon 3 of the Code of Judicial Conduct and Minn.R.Civ.P. 63.02 by failing to disqualify himself, since Michel had once consulted with him. In his supporting memorandum Michel admitted that he could demonstrate no prejudice or bias. At that point Judge G. recused himself and the matter was reassigned to a new judge, who heard only the issue involving Judge G.'s participation in the trial.

Michel's new-trial motion on that ground was denied and the remaining motions referred back to Judge G. The trial court memorandum stated in part:

> [N]o actual bias or prejudice has been shown. There is no evidence that Respondent ever discussed his financial situation with then Attorney [G.]. Accordingly the only knowledge that Judge [G.] had and the only facts before him in making his determination were those presented to him in the courtroom.

## ISSUE

Did the trial court err in denying appellant's motion for a new trial on the ground of irregularity in the court proceedings?

## DISCUSSION

Michel contends he deserves a new trial because Judge G. should have disqualified himself under Minn.R.Civ.P. 63.02, which requires a judge to disqualify himself if "he be interested in its determination or if he might be excluded for bias from acting therein as a juror." Specifically, Michel argues that Judge G. might have been excluded for bias from acting as a juror because he had personal knowledge of the facts litigated.

Grounds for new trial are enumerated in Minn.R.Civ.P. 59.01. New trial motions based on allegations of judicial irregularities are governed by Rule 59.01(1): "A new trial may be granted * * * for * * * [i]rregularity in the proceedings of the court * * whereby the moving party *was deprived of a fair trial*" (emphasis added).

The granting of a new trial rests almost entirely in the discretion of the trial court and its decision will be reversed only upon a showing of clear abuse of discretion. *City of Ogema v. Bevins*, 341 N.W.2d 298, 299 (Minn.Ct.App.1983). "[M]otions for a new trial should be granted cautiously and sparingly and only in the furtherance of substantial justice." *Leuba v. Bailey*, 251 Minn. 193, 207–08, 88 N.W.2d 73, 83 (1957). The primary consideration in determining whether to grant a new trial is prejudice. *Wild v. Rarig*, 302 Minn. 419, 433, 234 N.W.2d 775, 786, *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). In order to warrant a new trial, an irregularity must so prejudice a party that he was deprived of a fair trial. *Fortier v. Ritter's Hairdressing Studios, Inc.*, 282 Minn. 382, 386, 164 N.W.2d 897, 899–900 (1969). We agree with the trial court that no prejudice was shown, and therefore that a new trial is not warranted.

The record is devoid of any evidence showing whether Judge G. recognized Michel. Nothing was brought to the judge's attention that would require him to disqualify himself. Michel's assertion that Judge G. *may* have recognized him is unpersuasive, because the burden of proof on that issue was his. He could have deposed Judge G., but chose not to do so.

Assuming *arguendo* that Judge G. did recognize Michel, there is no evidence in the record that he had any knowledge of the facts litigated, which were confined to those involved in financial issues; in fact, Michel's own testimony shows otherwise.

**14**

Even if Judge G. were shown to have had knowledge of Michel's financial circumstances, that fact alone would not constitute an affirmative showing of bias or prejudice.

Michel further argues that there is an appearance of impropriety in that Judge G. has violated Canon 3 C of the Code of Judicial Conduct because he served as a lawyer in the matter. There is no question that Judge G. did serve as lawyer in the matter, but there is no evidence that he was aware of it. While there may be ground for a complaint as to the judge's conduct, we do not believe it mandates a new trial. Under the circumstances, a new trial would be unfair to Miller.

The record supports the trial court's conclusion that "no actual bias or prejudice has been shown." Based on the standards governing new trials, we hold that the trial court acted within its discretion in denying Michel's motion for a new trial on the basis of Judge G.'s participation.

Miller has raised the question of waiver, noting that Michel recognized the judge and said nothing until after the order was received. Because the standards governing new trials are dispositive, we do not reach this issue. However, Michel's silence certainly bears on the question of whether he felt himself to be prejudiced by the judge's presence at trial.

 Miller asks this court for attorney's fees under Minn.Stat. § 549.21 (1986). However, this statute requires a showing of bad faith, assertion of a frivolous claim, harassment or fraud. We do not consider Michel's claims to meet any of those criteria. We do, however, award Miller $400 in attorney's fees for this appeal on the basis of her need and the relative financial resources of the parties. *See* Minn.Stat. §§ 257.69, subd. 3; 518.14 (1986); *Pitkin v. Gross*, 385 N.W.2d 367, 371 (Minn.Ct.App. 1986).

### DECISION

We affirm the trial court's denial of a new trial on the basis of Judge G.'s participation, because no prejudice was shown,

and we award respondent $400 in attorney's fees for this appeal.

Affirmed.